### LEMUEL SMITH vs. ZIBA HUNTINGTON.

Replevin does not lie in any case for goods taken upon mesne process.

REPLEVIN, for several cows.  The defendant avowed the taking as a deputy sheriff, from the possession of the plaintiff, by virtue of a writ of attachment, in favor of one *Abel Stone*, against one *Lemuel Pulsifer.*  Upon opening the case, as the validity of the writ, under which the cows were taken, was admitted, the court directed a nonsuit to be entered, subject to the opinion of the court, upon the question, whether replevin lies in any case, where property is taken by valid mesne process ?

*Bell*, for the plaintiff.

*Smith*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The question, which this case presents for our decision, is, whether replevin can be maintained, in any case, for goods which have been seized by virtue of valid mesne process ? If the process, by which goods are seized, is void, there is no doubt that replevin lies.   19 *John.* 7, *Mills vs. Martin.*— *Comyn's Rep.* 274, *Mariott vs. Shaw.*  And if replevin lies in any case, where the goods are seized upon mesne process, it lies in favour of this plaintiff; for the goods were taken by virtue of a writ, which run not against his goods, but the goods of a third person, and they were taken from the possession of the plaintiff.

It has been decided in New-York, that replevin lies for goods taken upon execution, if taken from the possession of the plaintiff in replevin, by virtue of an execution running against another person.   14 *Johnson* 84, *Thompson vs. Button.* But in the case of *Eastman vs. Molony*, Strafford, February term, 1822, we decided. that replevin would not lie in such a case, in this state.  It is, therefore, to be con-

sidered as settled here, that replevin lies in no case, where goods have been taken, by virtue of a valid execution.

The question then is, whether there be any distinction between mesne and final process, which can sustain this action?

It has been urged, by the plaintiffs' counsel, that it has always been the understanding of the members of the bar, in all the counties, that replevin might be maintained in a case like this ; and there is no doubt, that it has been often sustained. This argument is certainly entitled to consideration ; but it must be recollected, that it is not many years, since it was generally understood, that replevin might be maintained for goods taken upon execution. As soon, however, as the attention of the court was called to the subject, it was at once decided, that it would not lie in that case. And it seems to us, that if replevin cannot, in this instance, be sustained upon principle, it ought not to be sustained by usage. Where a long usage, however erroneous, has become the foundation of the title to property, " the law so favors the " public good, that it will permit a common error to pass " for right." But, it is never too late to correct an error, in the application of a remedy ; because the right remains unaffected by the change. Besides, if replevin be a proper remedy, where goods are taken upon mesne process, it can be sustained only in cases, where the goods of one man are taken by virtue of process against another. No one can maintain replevin, for goods taken by valid process against himself ; because, in such case, the taking must be deemed lawful. If then we hold, that replevin may be sustained upon the facts in this case, the principle cannot be extensively applied in practice, nor be in any view of much importance.

It is said, that, upon process against one man, the officer may take the goods of another, who would not, for any consideration, part with the particular articles taken, and that in such a case, replevin would be a direct and speedy remedy ; and this is true. But, if in any particular case no arrangement could be made between the owner of the arti-

Smith
*vs.*
Huntington.

cles and the officer, until the question as to the right of the property were settled, still the owner would not be without an adequate remedy ; for he might purchase the articles, when exposed for sale by the officer, and recover the amount, he might then be compelled to pay, in an action of trespass or trover ; and if the attachment should in any way be dissolved, and the goods not sold, replevin would then lie, if the goods were not returned. Indeed, it does not seem to us, that there is any pressing necessity, which can justify us, in sustaining the action in this instance, if it cannot be sustained by the principles of the common law.

The rule of the common law is, that replevin does not lie of goods in the custody of the law. In the case of *Ilsley vs. Stubbs*, (5 *Mass. Rep.* 283,) *Parsons, C. J.* says, " chattels in the custody of the law, cannot at common law be " replevied, as goods taken by distress, upon a conviction " before a justice, or goods taken in execution. And by pa- " rity of reason, goods attached by an original writ, as secu- " rity for the judgment, cannot be replevied ;" and he says, that a statute of Massachusetts, which gives replevin where goods have been attached, has been productive of much practical inconvenience.

It is believed, that no case can be found, except the case of *Thompson vs. Button*, (14 *John.* 84) where replevin has been held to lie, at common law, of goods in the custody of the law. *Co. Litt.* 145, b.—7 *John.* 140, *Pangburn vs Patridge.*—1 *Chitt. Pl.* 159.—*Bull. N. P.* 53.—15 *John.* 401, *Gardner vs. Campbell—Willes' Rep.* 672, *note.*—2 *Strange* 1184.—6 *D. & E.* 522, *Pritchard vs. Stevens.*—6 *East* 283, *Fletcher vs. Wilkins.*

It is said, that a distress impounded cannot be replevied, because it is in the custody of the law. (*Hammond* 376.— *Co. Litt.* 47, b.) But this is altered here by a statute, which expressly gives replevin in such a case. 1 *N. H. Laws* 413.

And we are of opinion, that, until the legislature shall see fit to give a replevin of goods attached, no such suit can be sustained ; and that there must be, in this case,

*Judgment upon the nonsuit.*