## SUPREME COURT.

### BROCKWAY agt. BURNAP

An action to "recover possession of personal property and damages for its detention," can not be maintained, where the defendant has not the possession of the property, either in law or in fact, at the time of the commencement of the suit. (*This agrees with the decision in Roberts agt. Randall*, 3 *Sandf. Supr. C. R.* 707, *and* 5 *How. Pr. R.* 327).

This action, under the Code, takes the place of Replevin under the Revised Statutes, and is intended to operate only on the party in *possession*. And while the party is in possession, it is a concurrent remedy for trespass and trover.

*Saratoga Special Term, December* 1851.

E. F. BULLARD, *for Plaintiff*.

WM. H. KING, *for Defendant*.

WILLARD, Justice.—The second count of the complaint, which is the only one insisted on by the plaintiff, charges that the defendant on the 8th March 1851, at the city of New York, received and took into his possession the following articles of personal property belonging to the plaintiff, to wit: one promissory note (describing it, and also describing the other articles, some of which are money); that he received said property to be delivered to the plaintiff when requested; but although requested to deliver it, he refuses so to do and detains the said property, to the damage &c., wherefore the plaintiff demands *judgment to recover the possession of the said property*, and damages for the detention thereof, &c.

The answer denies the several allegations in the complaint. It also sets up various other defences, as that the defendant and plaintiff were partners, and that the property was received by the defendant as a partner. But these defences need not be mentioned; because on the trial before the referee, it appeared that at the time of the commencement of this action, the defendant was not in the possession of any part of the property mentioned in the count, but had parted with it a day or two before, in payment of a debt owing by him. The referee non-

suited the plaintiff, on the ground that an action to recover the possession of personal property under the Code, § 206 *et seq.,* can not be maintained unless the defendant had the possession of the property at the time the suit was commenced, either in law or fact.

Whether the defendant had fraudulently parted with the property, with a view of defeating the action in this form, is not a question raised by the pleadings, and does not seem to have been decided by the referee. The plaintiff contends now, that such was the fact; but as it is not material to the decision of the present motion whether it was so or not, I shall not discuss it; but confine myself to the point raised before the referee, and which alone was decided by him. If the facts would have warranted the other question, the pleadings should have been so framed as to apprise the defendant of it in season, and it might have been met by opposing evidence. For the purposes of this motion, the facts must be taken to be as they were assumed by the referee. It was not denied that, in fact, when this action was commenced the defendant was not in possession of the property mentioned in the complaint.

If we follow the case of Roberts vs. Randall, decided by the New York Superior Court (3 *Sandf.* 707, *S. C*; 5 *How. Pr. R.* 327), we must hold that the action upon the facts assumed by the referee can not be maintained. I have attentively considered the reasoning of the learned judge, who delivered the opinion of the court, in that case, and am disposed to acquiesce in the result of his conclusions.

The first case in our reports in which it was intimated that trespass and replevin were concurrent remedies, is Pangburn vs. Patridge (7 *J. R.* 140), decided in 1810. The question discussed in the case was whether replevin would lie for a *tortuous taking* of goods and chattels, when such taking was not by way of *a distress.* It was held that it would lie for any taking for which trespass could be maintained, and VAN NESS, J., remarks, that "many cases may be put, in which no damages which a jury is legally competent to give, can compensate for the loss of a particular chattel." This remark is without point, except on the hypothesis that replevin can be only brought against the

party who is a trespasser, and in the actual possession of the goods. It affords no countenance to the doctrine since sought to be fastened on it, that replevin will lie in all cases where trespass *de bonis asportatis* lies.

In Hopkins vs. Hopkins (10 *J. R.* 369, 372), the defendant in an action of replevin, avowed the taking damage feasant; to which the plaintiff replied that the defendant *abused the distress,* and became a trespasser from the beginning. On demurrer to the replication one point was whether the doctrine of being a trespasser *ab initio,* was applicable to an action of replevin, and whether it was not exclusively confined to the action of trespass. Upon this point Ch. J. KENT, says; " the action of replevin is grounded on a tortuous taking, and it sounds in damages like an action of trespass, to which it is extremly analogous, if the sheriff has already made a return and the plaintiff goes only for damages for the caption." There is certainly nothing in this case which affords the slightest countenance to the doctrine that replevin will lie against a person who has committed a trespass, but parted with the property before action brought.

In Cummings vs. Vorce, 3 *Hill,* 282; Barret vs. Warren, *id.* 348; and Pierce vs. Dyke, 6 *Hill,* 613; which were cited on the argument by the plaintiff's counsel, the action was brought against the person in possession of the property, although not the original wrong doer. So, also, in Neff vs. Thompson and Ide (8 *Barbour,* 217); the property replevied was taken by Thompson, as sheriff, by order of Ide, who became the purchaser at the sheriff's sale and who was in possession when the action was brought. The question was not raised whether the action lay against the sheriff after the sale. No point was made about the defendants not being in possession at the time of the commencement of the action. It was not very material, as Ide was clearly in possession, and Thompson was indemnified by him and took no part in the defence.

The dictum of COWEN, J., in Cary vs. Hotaling (1 *Hill,* 311); that replevin is a concurrent remedy with trespass, must be understood with the qualification that the defendant is in possession when the action is brought. Trespass will lie against the wrongful taker whether he has parted with the possession or not.

Replevin, I think, will not, after the possession has been transferred to another. The remedy is strictly possessory.

The various provisions of the Code in the chapter on " claim and delivery of personal property," § 206 *et seq.*, take for granted that the defendant was in possession of the property at the commencement of the action. The affidavit when a delivery is claimed must state that the property is wrongfully detained by the defendant, and the sheriff is required to take it *from the defendant, and deliver it to the plaintiff.* The Revised Statutes also take for granted that the action is brought only against the party in possession of the property of which a delivery to the plaintiff is sought. It has been urged that the legislature intended the action to be a substitute for the action of detinue, and a concurrent remedy with trespass and trover. (*Notes of Revisers,* 3 *R. S.,* 2d ed. 767.) If the action be brought against the party in the actual possession of the goods, the remedy is indeed concurrent with trespass and trover; and this is probably all that is intended by the note of the learned revisers. No one who will attentively read the title of the Revised Statutes on the action of replevin (2 *R. S.* 522) can fail to perceive that the remedy is possessory, and intended to operate only on the party in possession.

The case of Allen vs. Crary (10 *Wend.* 349) goes farther than any other that has fallen under my notice. In that case the defendant Crary had directed the deputy to levy, and he levied accordingly upon the property in question, but did not remove it, or take it into his actual possession. It was never in the actual possession of the defendant, and yet the action of replevin was held to lie, though the objection was expressly taken, that the defendant had never had the possession of the property. SUTHERLAND, J., says that replevin will lie where trespass *de bonis asportatis* lies. The cases to which he refers do not sustain that doctrine. In Dunham vs. Wyckoff (3 *Wend.* 280), where SAVAGE, Ch. J., made a similar remark, the action was brought against *the party in possession,* and the question was whether the plaintiff had such a title as would enable him to maintain the action. If he had such a title as to enable him to maintain trespass *de bonis asportatis,* no doubt he could maintain replevin.

The dictum of SAVAGE, Ch. J., in Chapman vs. Andrews (3 *Wend.* 242), that replevin lies for such a taking as will sustain an action of trespass *de bonis asportatis,* when explained by the context, shows, that the learned judge meant that there should be a *tortuous taking;* and hence in that case which was against the receiptor of the goods, taken by the sheriff under an execution, replevin was held not to lie, because trespass *de bonis asportatis* would not lie. The other cases (8 *Wend.* 613; 7 *Cow.* 735; 10 *Mass. R.* 125; *and* 6 *Wend.* 368) merely show what is sufficient to constitute a cause of action in trespass *de bonis asportatis.* All the foregoing cases arose prior to the Revised Statutes, when replevin would lie only for a wrongful taking. They merely decide, except the case of Allen vs. Crary, that to maintain replevin the plaintiff must have a title which would enable him to maintain trespass *de bonis asportatis;* and that the taking for which the action lies must be a trespass. In Allen vs. Crary, alone, the action was sustained though the defendant never had the possession of the goods. The court pushed out the analogy between trespass *de bonis asportatis* and replevin farther than is warranted by the cases. But whatever may have been the law prior to the Revised Statutes, it is very evident that since then and especially since the Code, replevin, and its substitute under the Code, is a remedy to regain the possession of goods which have been either wrongfully taken, or wrongfully withheld by the defendant. The relief claimed is that the goods be restored.

The action under the Code takes the place of replevin as regulated by the Revised Statutes, and the latter enlarged the old action of replevin, so as to make it a substitute for detinue, and a concurrent remedy for trespass and trover, while the defendant was in possession of the goods.

The second count of the complaint charges, amongst other things, that the defendant still detains the plaintiff's goods. This is denied by the answer. The proof fails to show the possession in the defendant, but establishes the contrary. The plaintiff failed to establish the important issue in the case, and was rightly nonsuited.

Motion to set aside the report denied with ten dollars costs.