Drake agt. Wakefield.

---

# SUPREME COURT.

## George W. Drake agt. Edward Wakefield.

An action to recover possession of personal property can be maintained where the defendant has divested himself of the possession and control of the property before suit brought; and that, too, as well where a wrongful *taking*, as where a wrongful detention only is complained of. (*See Roberts* agt. *Randel*, 5 *How. Pr. R.* 327, *and* 3 *Sand S. C. R.* 707; *Brockway* agt. *Burnap*, 12 *Barb.* 347; *and Elwood* agt. *Smith*, 9 *How. Pr. R.* 528, *adverse;* and 5 *How. Pr. R.* 148; *Brockway* agt. *Burnap*, 16 *Barb.* 309, *in accordance with this case.*)

*Erie Special Term, August,* 1854.

MOTION by defendant for a new trial on a case.

The complaint charges that the plaintiff, being the owner and in possession of a yoke of oxen, the defendant wrongfully took and retains them. That, although the plaintiff has demanded possession thereof, &c., the defendant has refused, and yet refuses, to deliver them to the plaintiff, and demands judgment for the delivery thereof to the plaintiff, and damages for the detention.

The answer denies generally the allegations of the complaint, and sets up property in the defendant.

The action was tried at the Chautauque circuit in June, 1854.

On the trial, the plaintiff gave evidence tending to show that he owned the oxen, and that they were wrongfully taken from his possession by the defendant. He also proved a demand and refusal after the alleged taking, and while the oxen were in the defendant's possession.

The defendant offered to prove that, at the time the action was commenced, he had sold and delivered the oxen to one Medley, and had not then the actual possession of, nor any right to or control over them, which was objected to by the plaintiff on the following grounds:—1st. The taking was wrongful, and either trespass or replevin would lie. 2d. No such matter was set up in the answer. 3d. It was immaterial to the issue.

The objection was sustained by the court, and the defendant excepted. The jury found for the plaintiff, assessing the value of the oxen and the damages for the detention. The defendant made a case, and now moves thereon for a new trial; and the only point made on the motion is as to the correctness of the ruling at the circuit, rejecting the evidence offered.

H. W. HARRINGTON, *for defenaant.*
WEEDEN & HENDERSON, *for plaintiff.*

BOWEN, Justice. In *Roberts* agt. *Randel,* (reported 5 *How. Pr. R.* 327, *and* 3 *Sandf. S. C. R.* 707,) the superior court of

the city of New-York, at a general term, the four justices of the court concurring, held that an action to recover personal property cannot be maintained, unless, at the time the action is commenced, the defendant has either the possession or control of the property, although the plaintiff is the owner thereof, and the defendant has wrongfully detained it.

This case was decided in January, 1851. In May, 1850, the contrary was held by the supreme court at a general term in the first district. (5 *How. Pr. R.* 148.)

In both cases the question arose on appeal from orders made upon motion to discharge the defendants respectively from arrest, under orders pursuant to *sub.* 3 of § 179 of the Code of 1849, the sheriff in each case having returned, to requisitions made under § 208 of the Code, that he could not take the property and deliver it to the plaintiffs, for the reason that it had been removed and disposed of, so that it could not be taken by him. In *Brockway* agt. *Burnap*, (12 *Barb.* 347,) WILLARD, Justice, and in *Elwood* agt. *Smith*, (9 *How. Pr. R.* 528,) HARRIS, Justice, both at special term, followed the case of *Roberts* agt. *Randel*, decided by the New-York superior court. In the last two cases the question arose on the trial; and it appearing in each that at the time the actions respectively were commenced, the defendants had not the possession or control of the property in question therein; it was held that the actions could not be sustained.

In neither of the cases last mentioned is any authority referred to, directly sustaining the positions therein taken; on the contrary, in *Roberts* agt. *Randel*, Mr. Justice SANDFORD, in his opinion, refers to *Cary* agt. *Hotaling*, (1 *Hill*, 311,) and *Olmsted* agt. *Hotaling*, (1 *id.* 317,) as cases where actions of replevin were sustained, although it appeared in each that the defendants had sold and parted with the possession of the property in controversy, before the suits respectively were commenced. As suggested by the learned justice, it is true, that it does not appear that any point was made on that question in either of those cases; and it may be added, that probably the point could not have been taken in either, under the pleadings

therein, as the wrongful taking was complained of in each, and the only plea was *non cepit,* which put in issue only the taking-ing, and the place of taking. (2 *R. S.* 528, § 39.)

In *Allen* agt. *Crary,* referred to by Mr. Justice WILLARD, the property sought to be replevied was not, at the time of the commencement of the action, either in the possession or under the control of the defendant; and the point was distinctly taken, that the action could not, for that reason, be maintained, and yet the action was sustained. But in that case also the wrongful taking was complained of, and the only plea was *non cepit.*

Both Mr. Justice SANDFORD and Justice WILLARD, in their opinions, refer to several other cases containing *dicta,* to the effect that replevin can be maintained in all cases where *trespass de bonis asportatis* will lie; and if that be so to the full extent, it is admitted by both the learned justices that replevin will lie in cases where, at the time of the commencement of the action, the property is neither in the possession nor under the control of the defendant. But they review those cases and attempt to show that in none of them was the precise point now under consideration raised; and they claim that the proposition contained in the *dicta* is not law, except with the qualification that the property, at the time of the commencement of the action of replevin, is in the defendant's possession.

The decision at special term in *Brockway* agt. *Burnap* has been reversed on appeal at general term. (*Vide* 16 *Barb. S. C. R.* 309.) And Mr. Justice HAND, in his opinion in the case on appeal, with this precise question under consideration, and which was properly raised by the case, after citing numerous authorities as sustaining him, lays it down as a general rule, that the action for the recovery of specific personal property will lie for the unlawful taking or detainer thereof, although, before suit brought, the defendant has wrongfully parted with the possession.

I am inclined to follow the decision on the appeal in the case last cited. Both Mr. Justice WILLARD and Justice SANDFORD, in their respective opinions, refer to the title of the Revised

Drake agt. Wakefield.

Statutes, in relation to the action of replevin, (2 *R. S.* 521, *et seq.*,) and claim that the provisions of that title take it for granted that the action is to be brought only against the party in possession of the property; and particular reference is made to § 6, which gives the form of the writ of replevin, which must commence thus: "Whereas, A. B. complains that C. D. has taken, and does unjustly detain, (or 'does unjustly detain,' as the case may be,)" &c.; and they say, in substance, that the defendant cannot be said to detain the property after he has put it out of his possession. But it appears to me that a party who has tortiously taken the property of another, or who, having obtained possession lawfully, refuses to restore it to the owner, does, in contemplation of law and in fact, detain it, even after he has delivered it to another, who has no more right to the possession than he has.

Section 207 of the Code is also referred to, which requires that, in an action to recover possession of personal property, before the plaintiff is entitled to a delivery thereof to him *pendente lite*, he must make an affidavit setting forth, among other things, that the property is wrongfully detained by the defendant. But, if I have above given a correct construction to the word "detain," as used in the Revised Statutes, a plaintiff may rightfully make the affidavit, although before it is made the defendant has delivered possession to some third party having no right to it.

In all cases since the Code it is conceded that, under the Code, the action to recover personal property can be maintained in all cases, where replevin could be sustained under the Revised Statutes. The Revised Statutes extended the remedy by replevin, by allowing it to be brought in cases where property had been wrongfully detained, as well as where it had been wrongfully taken, when before it could only be brought where there had been a wrongful taking; and I do not understand that the Revised Statutes in any manner restricted the the cases in which replevin could be brought where there was a wrongful taking. The contrary is not directly asserted in either of the two cases last above mentioned.

It should be here stated that in none of the cases above re-
ferred to, brought under the Code, was the wrongful taking of
the property complained of, while in the case under considera-
tion it is. As is suggested above, in three of the cases cited
by Justices SANDFORD and WILLARD as containing *dicta* con-
trary to the rule contended for by them, and to which may be
added *Ely* agt. *Ehle*, 3 *Com.* 506, it appeared that the defend-
ants had neither the possession or control of the property sought
to be replevied when the suits were commenced, and yet in
none of them, with the exception of the case of *Allen* agt.
*Crary*, was this suggested, either by court or counsel, as an
objection to sustaining the actions; and in *Allen* agt. *Crary*
the point was distinctly made by counsel, and yet the action
was sustained. If this would or might have defeated the ac-
tions, although in none of these cases could it have been avail-
able as a defence under the pleadings therein, yet it is at least
singular that it was not referred to as such by the court in either
case, nor by the counsel except in one case. This is strong
evidence to my mind that it would have been no defence if
pleaded as such, or at least that the court and counsel so un-
derstood when those cases were heard and decided. I can find
no precedent for a plea setting up such defence, nor any case
prior to our Code holding that it would be a defence if pleaded.
(*Vide Coombs* agt. *Wood*, 10 *Meeson & Welsby*, 127; 2 *Dowl.
N. S.* 315.)

I have examined most of the English cases referred to by Mr.
Justice HAND, in his opinion on the appeal in *Brockway* agt.
*Burnap*. They are actions of detinue, and in several of them
it is distinctly and directly held that it was no defence that the
defendant had not the possession or control of the property
when the suit was commenced.

The case of *Jones* agt. *Dowle*, (9 *Mees. & Wels.* 19,) was this :
The plaintiff purchased the property in question of the defend-
ant, an auctioneer, at an auction sale. The defendant, sup-
posing that one Clift was the purchaser at the sale, instead of
the plaintiff, delivered it to Clift, on his paying the bid. The
plaintiff afterward demanded the property of the defendant, and

it not being delivered to him, he brought the action.    The plea was *non detinet*, and, on the trial, the above facts appearing in evidence, the defendant moved for a non-suit, on the ground that he had neither the possession nor control of the property when the action was commenced, which motion was denied, and a verdict found for the plaintiff; and the defendant having obtained a rule to show cause why the verdict should not be set aside; on argument at bar, the rule was discharged, thus sustaining the ruling at *nisi prius.*    This defence, if a defence at all, was admissible under the plea of *non detinet*, (1 *Chitty's Pleadings*, 121,) and the ruling in the case was not placed on the ground that the pleadings excluded the defence.    Substantially the same doctrine is held in several other of the cases thus cited by Mr. Justice HAND.

The action of replevin in the detinet, as it was called, was provided for by the Revised Statutes as a substitute for the action of detinue, and under those statutes could be brought in all cases where before detinue could.    (2 *R. S.* 522; 3 *id.*, 2*d. ed.*, 767; 1 *Chit. Pl.* 118, *et seq.*)

I see no reason for any distinction between the action of detinue or replevin in the detinet, and the action of replevin in the *cepit*, so far as relates to the question under consideration. Both were brought to recover specific personal property, the one being the proper remedy when the property was wrongfully taken, and the other when the defendant obtained possession lawfully, and afterwards unlawfully detained it.    If detinue, or replevin in the detinet, could be brought against a defendant, after he had divested himself of the possession and control of the property in dispute by the delivery thereof to some third party, who had no more right to the possession than the defendant, and could be sustained, as I think it clearly established could have been done prior to the Code, it appears to me that, under the Code, the action to recover personal property can, under such circumstances, be sustained, and that, too, as well where a wrongful taking, as where a wrongful detention only is complained of.

I therefore am of the opinion that the ruling at the circuit in this case, excluding the evidence offered, was right; and as that is the only point presented by the case, I think the motion for a new trial should be denied.