## Booth vs. Ableman and another.

Where a party brings an action in a court, and replevies property from the possession of an officer of a court whose jurisdiction over it first attached, the former tribunal has jurisdiction to inquire into the validity of its own proceedings, and to take steps on the dismissal of the action pending in it, to enforce a redelivery of the property to the officer from whose possession it was taken by its process.

Where personal property of B had been seized on an execution issued out of the federal court, on a judgment rendered therein against him, and he brought an action in the state court against the marshal, to recover possession of it, and obtained by its process, possession of the property, the state court dismissed the action for want of jurisdiction, leaving the property in the possession of B, and refused to make an order for its re-delivery to the marshal. *Held*, that the fact that the marshal held possession of the property under the execution from the federal court, was a defence to the action in the state court, and that in dismissing the action pending there, that court had power to compel a restoration of the property to the marshal, and should have exercised it.

APPEAL from the County Court for *Milwaukee* County.

The case is stated in the opinion of the court.

*J. E. Arnold & N. J. Emmons,* for appellants.

The question presented in this case is not one of *jurisdiction,* but of *comity* or *necessity.* It cannot be denied that the court had, at the start, jurisdiction of the process, of the subject mat ter, and of the parties. And in similar cases, the state courts and the courts of the United States have taken and exercised jurisdiction. It is believed that in no case have the courts re- fused such jurisdiction in favor of the wrong-doer, or failed to exercise it, at least to restore the aggrieved party to his former position. *Payne vs. Drew,* 4 East. 523; *Hogan vs. Lucas,* 10 Peters, 400; *Peck et al vs. Jenness,* 7 How., 612; *Harris vs. Den- nie,* 3 Peters, 299; *Brown vs. Clark,* 4 How., 4; *Williams, ad- ministrator, vs. Benedict,* 8 id., 107; *Wiswall vs. Sampson,* 14 id., 52; *Pease vs. Phipps,* 14 id., 368; *Pulciam vs. Osborn,* 17 id., 471; *Oliver vs. Jordan,* 2 Curtis, 414; *The Robert Fulton,* 1 Paine C. C., 620; *Jennings vs. Carson,* 4 Cranch, 2; *Taylor's adm'r, vs. Carryl,* 20 How., 584; *Gibson vs. Stevens,* 8 id., 384; *Freeman vs. Howe, et al.,* 24 id., 584; *Lewis vs. Buck.,* Sup. Court, Minn., MS.

*J. H. Paine & H. F. Prentiss,* for respondent.

1. A state court cannot, by its process, take from the custo- dy of the United States court, property of which the United States court, by its legal process and in the exercise of its pow- er, has acquired jurisdiction, so as to give the state court juris- diction of such property, that it may determine whether the United States court *rightfully* had the custody of it. The prop- erty when levied on by the officer of the federal court, was in the custody of the law, and that is the forum where this con- test is to be settled, because that court has the exclusive juris- diction of this litigation. *Freeman vs. Howe, et al.,* 24 How., 440; *Peck vs. Jenness,* 7 How., 624; *Hogan vs. Lucas,* 10 Pe- ters, 400; *The Oliver Jordon,* 2 Curtis R., 414; *The Robert Ful- ton,* 1 Paine C. C. R., 620; *Keating vs. Spink,* 3 Ohio St. N. S.,

105; *Taylor vs. Carryl*, 12 Harris 264; *Taylor, et al,, vs. Carryl*, 20 How., 584, 607; *Whitney, et al., vs. Brunett*, 3 Wis., 622, 629; *Ex parte Booth*, 3 Wis., 145; *Gilman vs. Williams*, 7 Wis., 329. 2. If the state court has no jurisdiction of this action, it can render no judgment and make no order, but must dismiss the action. It has full and complete jurisdiction to try the action on its merits, and render a valid judgment, or it has no jurisdiction for any purpose. This rule is universal. The appellants could have maintained an action of trespass against the sheriff taking property on the process of the state court, or could have invoked the aid of the United States court to compel a re-delivery. *Slocum vs. Mayberry*, 2 Wheat., 8; *Freeman vs. Howe, supra.*

*By the Court*, COLE, J. This was an action of replevin, brought by the respondent in a state court, to recover possession of certain personal property described in the affidavit. The appellants admitted in their answer, the taking and detention of the property, but justified on the ground that they took and detained the same, as marshal and deputy marshal of the United States, by virtue of an execution issued out of the district court of the United States for the district of Wisconsin, on a judgment rendered in that court in favor of one Garland against the respondent. When the cause came on for trial in the county court upon the issue joined, after the reading of the pleadings, the counsel for the respondent, as *amicus curia*, suggested to the court that it could not hear and determine the action, but must dismiss the same for want of jurisdiction. The respondent had obtained possession of the property by virtue of this suit, and it was admitted that when the property was replevied from the custody of the appellants, they had seized and taken it into their possession in the manner stated in their answer. Thereupon, the court dismissed the suit for want of jurisdiction, and did not even exercise its power to order a return of the property. And the only question before

us, is the correctness of this ruling of the court below. In support of this ruling it is argued and insisted, that since the district court, by its legal process, and in the exercise of its undoubted jurisdiction, had obtained possession of this property, it could hold and finally dispose of it without interruption, and that the state court had no power or authority to inquire whether the district court rightfully had the custody of the property or not. And though the state court had entertained a suit, and obtained possession of the property by its process, yet it could not continue its jurisdiction to determine any question as to title or the right of possession of the property, nor even make an order restoring the property to the possession of the officer from whom it was taken. It appears to us, that this is a mistaken view of the law upon this subject. In *Payne vs. Drew*, 4 East., 523, 545, the doctrine is laid down, that "where there are several authorities equally competent to bind the goods of a party when executed by the proper officer, they shall be considered as effectually, and for all purposes bound, by the authority which first actually attaches upon them in point of execution and under which an execution shall have been first executed." "And this rule," says Chief Justice TANEY, in delivering his dissenting opinion in *Taylor vs Carryl*, 20 How.; 584, 508, "is one upon which courts of concurrent jurisdiction, have necessarily, uniformly acted in order to prevent indecorous and injurious conflicts between courts in the administration of justice." "The rule is founded," says Justice GRIER, in *Peck vs. Jenness*, 7 How., (U. S.,) 612, 625, "not merely in comity, but on necessity. For if one may enjoin, the other may retort by injunction, and thus the parties be without remedy ; being liable to process for contempt in one, if they dare to proceed in the other." The fact, therefore, that the property in controversy was in the possession of the marshal, under an execution issued upon a judgment rendered in the district court against the respondent, furnished an impregnable defense to the ac-

tion.   The county court would have undoubtedly so decided,
had it felt authorized to inquire into the question of the right
and title to the property.   But, holding that it had no juris-
diction to determine this question, and that it could render no
judgment, it dismissed the suit, leaving the property in the
possession of the respondent.   The result is, that though the
state court entertained jurisdiction of the suit in the first in-
stance, and by its process took the property from the posses-
sion of the marshal, yet, having obtained the property, it did
not continue to exercise its jurisdiction and try the cause upon
its merits, nor restore the marshal to his former position.   And
this ruling, it is contended, is in conformity to the doctrine
laid down in *Freeman vs. Howe*, 24 How., (U. S.,) 450, and pre-
vious decisions of the federal courts.   We do not, at the pres-
ent time, propose to enter upon an examination of those cases.
We have considered them all attentively, and think they do
not establish any such principle.   They certainly do declare,
that according to the course of decision in the case of conflict-
ing authorities, under state and federal process, and in order to
avoid unnecessary collision between them, the question as to
which authority should, for the time, prevail, depends upon
the question which jurisdiction first attached by the seizure
and custody of the property under its process.   But we do not
understand them as deciding that if a party in one court
replevies property out of the possession of an officer of the
jurisdiction first attaching, the former tribunal connot exercise
its jurisdiction to inquire into the validity of its own proceed-
ings, nor take any steps to enforce a re delivery of the proper-
erty to the officer who has been · divested of its possession
by its process.   It will be seen at once that such a doctrine
leads to anomalous results, and can only be sustained by the
clearest authority.   And in this case, the least that can be said
is, that even if the county court was right in holding that upon
the facts disclosed in the answer it had no right to proceed and
try the action upon the issue joined, it should at all events

have made an order for the re-delivery of the property to the marshal. In *Lowe vs. Brigham*, 3 Allen, 429, it was held that after the dismissal of an action of replevin for want of a sufficient bond, the court had jurisdiction to order judgment for a return of the goods replevied, although no answer had been filed. See, also, *Dawson vs. Wetherbee*, 2 id., 461. If the property had been improperly taken from the possession of the marshal by the process of the state court, it would seem but right that that court should restore the possession. And we are very clear in the opinion that it had power to do this, and should have exercised it.

The judgment of the county court is therefore reversed, and the cause is remanded for further proceedings.