### SMITH and others *vs.* ORSER, Sheriff &c.

To render a seizure of property under process effectual, it must be accompanied by possession. The sheriff must not only seize, but he must take the property attached into his custody. In case of neglect to perform his duty in this respect, the sheriff is subjected to personal responsibility.

Upon an attachment being issued against one or more members of a firm, the sheriff must proceed to serve it upon the interest of the defendants in the attachment in property owned by them jointly with others, in the same manner that he is required to do under an execution.

The decision in *Goll* v. *Hinton* (8 *Abb. Pr. Rep.* 120) approved.

A sheriff is not responsible for such acts as the law requires him to perform. He could not execute the commands of process, either in the case of an execution or an attachment, without taking the manual possession of the property which he is required to seize.

An action will not lie against a sheriff, as a wrongdoer, by all the members of a firm, a part of whom are the defendants in an attachment, on the ground that upon such attachment he has seized and taken into his custody property belonging to the plaintiffs collectively, as a partnership.

Counts for detaining the plaintiffs' property, and for wrongfully and negligently injuring it while in the defendant's possession as sheriff, may be joined in the same complaint, where they arise out of the same transaction. If they do not, the defendant's remedy is to demur; and if he fails to do so, he waives the objection.

Inasmuch as the law requires the sheriff, upon an attachment, to take the property into his custody, the spirit of section 207, sub. 4, of the code must be considered to forbid the use of the provisional remedy for the claim and delivery of personal property in such a case, notwithstanding the attachment upon which the property was taken was not against *the plaintiffs,* literally, but only against *some of them.*

THIS case is presented on exceptions taken on behalf of the defendant, ordered to be heard in the first instance at the general term, and on an appeal from an order denying *pro forma* a motion for a new trial on the minutes of the circuit judge, on the exceptions, and upon the ground of insufficient evidence and excessive damages. The plaintiffs sued to recover possession of horses and street sweeping machines, &c., and to recover special as well as general damages for the detention of the property, and for injuries done thereto wrongfully and negligently. The answer put in issue the wrongful detention, the time, and all other allegations of the complaint, relating to damage to the property, or negligence, or the conversion of any part of it, and justified the detention under various warrants of attachment, issued out of the supreme court, against the property of Smith, Seckel, Hartman and Hyneman. And the answer averred property, or a leviable interest, in the defendants in the attachment suits, or some of them, and alleged that the transfer of the interest of Seckel in the property, made July 25, 1855, to Altemus, was fraudulent; and claimed a return of the property. On the trial, before Justice DAVIES and a jury, in March, 1858, it appeared that the firm of Smith, Seckel & Co., composed of the plaintiffs Smith and Hyneman, together with A. G. Seckel and John Hartman, jr., was formed in Philadelphia, November, 1854. In May, 1855, Hartman sold out to his copartners, and a bill of sale was, July 25, 1855, executed by Seckel of *his individual* interest to Francis S. Altemus. The consideration of the transfer was mainly the assumption of some of Seckel's individual debts. Immediately upon this purchase a new firm of Smith, Altemus & Co. was advertised; Altemus in all respects assuming the place of Seckel. At this time Seckel could not pay his debts, and his interest had been attached by the defendant, at the suit of Curtis, but the possession of the property was not interfered with until August 2d, when the sheriff also had an attachment against the property of the other members of the

Smith *v.* Orser.

firm, at the suit of Buckingham. In May, 1855, Smith, Seckel & Co. had become indebted to Mr. Buckingham in an amount over $5000, which became due on the 24th day of July, 1855, and on the attachment being issued, August 1, on that debt, against Smith, Seckel & Hyneman, the sheriff made his levy and took the custody of the property, and held it until the 6th of September, when it was replevied by the plaintiffs, who composed the new firm of Smith, Altemus & Co. All of the attachments were issued upon debts created before the sale by Seckel to Altemus. Considerable evidence was given upon the question whether the sale of Seckel's interest had not been made with intent to defraud his creditors. At the time the sheriff took possession of the property, and at the time of the commencement of this suit, Smith and Hyneman retained their interest in the property. Much of the testimony given on the trial related to the amount of damages which the plaintiff was entitled to recover for the detention of the property. The court charged the jury, that if they found in favor of the transfer by Seckel to Altemus, they then must consider the actual damage the property sustained by the neglect of the sheriff. The defendant excepted. The jury having found in favor of the plaintiff, on the subject of the transfer, rendered a verdict for detention and damage to the property at $3850, and assessed the value of the whole property at $14,000. Exceptions were, at different stages of the action, taken as to the admissibility of testimony.

*A. J. Vanderpoel* and *T. Westervelt,* for the appellant.

*J. Larocque,* for the respondents.

LEONARD, J. The warrant of attachment requires the sheriff to attach and safely keep all the property of the defendants therein, or so much as may be necessary to satisfy the demand of the plaintiff, with costs. (*Code,* § 231.)

The sheriff is further required to keep the property seized by him, to answer any judgment which may be obtained in the action. (*Id.* § 232.) The section just cited also requires the sheriff to proceed in the manner directed in cases of attachment against absent debtors. The provisions of the revised statutes on this subject are thereby incorporated into the code.

To render a seizure under process effectual it must be accompanied by possession. The sheriff must not only seize, but he must take the property attached into his custody. In case of neglect to perform his duty in this respect, the sheriff is subjected to personal responsibility.

It is pretty clear from these provisions of the law that upon an attachment against one or more members of a firm, the sheriff must proceed to serve it upon the interest of the defendants in the attachment in property owned by them jointly with others, in the same manner that he is required to do under an execution.

The sheriff is not responsible for such acts as the law requires him to perform. He could not execute the commands of the process, either in the case of an execution or an attachment, without taking the manual possession of the property which he is required to seize. (*Waddell* v. *Cook*, 2 *Hill*, 47, *and the note to that case.*) This principle was decided by this court in the case of *Goll* v. *Hinton*, (8 *Abb. Pr. R.* 120,) and is still the law in this district, so far as I can ascertain. The opinion in *Goll* v. *Hinton* was delivered at general term in this district, by the same learned justice before whom this action was tried at the circuit, a few months after that trial. No doubt he felt himself controlled, at the circuit, by the cases of *Stoutenburgh* v. *Vanderburgh*, and *Sears* v. *Gearn*, (*reported in* 7 *How. Pr. Rep.* 229, 389.) Those cases are referred to in *Goll* v. *Hinton*, and are there expressly overruled.

We are referred to two cases subsequently decided in this district, which, it is supposed, have departed from the rule

held by this court in *Goll* v. *Hinton,* but it will be found on examination that the cases cited, to which I will now refer, have no bearing upon the points here involved. The cases so cited are *Abels* v. *Westervelt,* (15 *Abb. Pr. R.* 230,) and *Askham* v. *Hunt et al.,* manuscript decision, March, 1863, decided in this district, but not reported. In *Abels* v. *Westervelt* it was held, on a motion between two parties claiming to be creditors of a firm, consisting of two members, in respect to the application of a fund held by the sheriff, being the proceeds of partnership property sold by him under execution, that the creditor by execution was entitled to the fund, although only one member of the firm had been served with the process by which the action was commenced, giving the execution creditor a preference over the creditor who had caused the property out of which the fund arose to be seized, on an attachment against one member only of the firm, prior to the issuing of the execution. It was so held because the fund, which was insufficient to satisfy the execution, was not raised by virtue of the attachment, inasmuch as the interest of one member only had been seized on the warrant, and that interest only could be sold in the attachment suit, while on the execution, which ran against all the property of the defendants, the whole interest of both defendants was sold. The attachment was a proceeding *in rem,* and reached only the separate interest of one member of the firm, whatever that might be ; while the judgment authorized the sale of the whole interest of both defendants on execution. The equitable doctrine of the application of partnership property to the payment of partnership debts, in preference to the separate obligations of the individual members, was referred to as analogous to, and as supporting the rule there applied.

In *Askham* v. *Hunt* the same equitable rule was recognized, but it was considered that no case was made for its application ; and that Miss Chapman, the partner who was alleged to have disposed of the partnership estate for the benefit of her separate creditors, not having been served with

the process by which the original action was commenced wherein the judgment was recovered upon which, after the return of an execution of the limited nature authorized in such cases, unsatisfied, the creditor's bill then before the court had been instituted, could not be assailed in respect to her title to the property in question, or her right to dispose of it as she thought proper; particularly as no fraud was alleged in the transfer to her of the interest of her partner in the property of the partnership; and that the plaintiff, Askham, not having exhausted his remedy at law, had no standing to invoke the equitable cognizance of the court for the purpose of impeaching her title to the property alleged to have formerly belonged to the partnership of which she had been a member.

The principle which underlies this action, viz. whether the sheriff, on an attachment against some of the members of a partnership only, may seize and take into his custody, in the same manner as on an execution, the property of the partnership, consisting also of other members against whom the warrant did not run, was not involved in either of the cases so cited by the learned counsel for these plaintiffs; and of course they can not be considered as impairing the prior authority of *Goll* v. *Hinton.*

In the case now before the court, no question can properly be raised concerning the priority of partnership creditors, in the order of payment, over the creditors of the several members of the plaintiff's firm. (*Phillips* v. *Cook,* 24 *Wend.* 389.) All the members of the plaintiff's firm, part of whom are the defendants in an attachment under which the property in question was seized by the defendant, as sheriff, claim to maintain this action against the sheriff as a wrongdoer, on the ground that he has seized and taken into his custody under the said attachment, which directed him to attach and keep the property of two only of the three members of which the partnership consisted, certain personal property which belonged to the plaintiffs collectively, as a partnership. Clearly

nothing in the two cases which have just been examined has any bearing as authority upon the subject of this action. There is no issue here as to the rights of the creditors of the firm, but only as to the rights of the members to recover for an alleged wrongful taking of their property.

We have already seen that the sheriff was in the lawful pursuit of his duty when he took the property in question into his custody. The judge erred at the trial, in directing the jury that the sheriff had no right, under the attachments, to take or hold the possession of the property.

There are two causes of action specified in the complaint; the first is for detaining the plaintiffs' property; the second for wrongfully and negligently injuring it while in his possession, as sheriff. I see no difficulty in the joinder of the two counts. The two causes of action arise out of the same transaction, I think. If they do not, the defendant should have demurred, and by omitting to do so has waived the question.

Whether the count for detaining personal property can be maintained by these plaintiffs, two of them being defendants in certain of the warrants of attachment under which the defendant justifies his taking and detention of the property, is not so clear.

The plaintiffs demand a recovery of the property, and the defendant by his answer demands its return. It appears that the plaintiffs took the property under the provisional remedy for the claim and delivery of personal property. It is an action in the nature of replevin. The policy of the law forbids that property should be taken from its custody by any of the parties against whom the process in another action is to take effect. The court determines the right to its custody, in the action wherein its custody is held. The code requires the plaintiffs to swear that it has not been taken on execution or attachment against them. (§ 207, *subd.* 4.) Literally speaking, the attachments were not against the *plaintiffs;* but they were against *some of the* plaintiffs, and as the law

required the sheriff to take the property into his custody on the attachments, the spirit of the section of the code above referred to must be considered to forbid the use of this remedy for the claim and delivery of property in such a case. The verdict is peculiar in such actions. (*Code,* § 261.) The jury are required to assess the value of the property, and when the verdict is for the defendant, that he is entitled to a return of it, if by his answer he has claimed its return. In my opinion, the cause of action mentioned in the first count can not be maintained.

The partners who are not debtors in the attachment must seek their remedy in equity. (*Phillips* v. *Cook,* 24 *Wend.* 389.)

Several questions were raised at the trial, as to the admission of evidence, but it is not necessary to examine them, as there must be a new trial for the reasons before given.

There should be a new trial, with costs to abide the event.

SUTHERLAND, J. I concur in the conclusion. *Goll* v. *Hinton* (8 *Abb. Pr. Rep.* 120) is controlling, on one of the main points in the case.

GEO. G. BARNARD, J. concurred in the conclusion.

New trial granted.

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Geo. G. Barnard* and *Sutherland,* Justices.]