## MITCHELL *v.* ROBERTS.

Replevin lies only in behalf of one entitled to possession, against one having, at the time the suit is begun, actual or constructive possession and control of the property.

The plea of *non cepit* admits the property to be in the plaintiff; and on that plea, the defendant cannot have judgment for damages.

The actual possession of the property by an officer is not the constructive possession of the creditor, under whose direction the officer had seized the goods upon execution ; but until they pass out of the officer's control by sale upon the execution or other legal means, they are regarded as in the custody of the law.

The creditor has acquired no title to the property, nor any right of custody thereof, by virtue of his judgment and execution, but only an inchoate right to payment out of its avails by legal proceedings, upon and by means of the execution.

REPLEVIN, by Grenville A. Mitchell & a. against Moses Roberts, for one horse, sleigh, harness, whip, and buffalo robe. Plea, *non cepit*, with a brief statement setting forth a seizure of the property by one Willis, a deputy sheriff, upon an execution in favor of the defendant against one Gordon; an advertisement of it to be sold at auction by the officer, and the taking it out of his possession on the day appointed for the sale by virtue of this writ of replevin, by means of which the sale was prevented; and alleging that the goods were the property of said Gordon, or Gordon & Mitchell, and not of the plaintiff.

Upon the trial by the court, it appeared that upon an execution issued on a judgment in favor of said Roberts against said Gordon, this property was seized by said deputy sheriff as the property of said Gordon, at a hotel where it then was, and that he duly advertised it for sale by auction; that the sale was twice adjourned, the property in the mean time being kept at said hotel stable, under the control of the officer, and that it was taken from his custody by virtue of this writ of replevin, on the day appointed for the sale, and before the time fixed for it.

It appeared, also, that the defendant directed the officer to seize the property upon the execution, and that at the time it was replevied it was in the custody of the deputy sheriff under said execution. Upon this evidence, the court found that the defendant did not take said goods and chattels, or any part thereof, in manner and form as the plaintiff in his declaration had alleged; to which finding the plaintiff excepted.

*Ray & Ladd*, for the plaintiff.

The defendant caused the plaintiff's property to be wrongfully and illegally seized, and to effect his purpose in so doing, made use of an execution he held against Stephen Gordon, and employed an officer as his servant in order to give the color of regularity to his proceedings. Do the means resorted to by him in the prosecution of this illegal business affect the rights or remedies of the plaintiff?

This defendant does not seek to hold the property seized for the payment of any execution, but by his plea says he did not take it; and whether he did take it or not was the only issue tried.

Who did take it? who caused it to be taken? *Qui facit per alium facit per se.*

Can this defendant be allowed to shield himself from the consequence of a trespass by setting up a misdemeanor in his defence, namely, that he made use of legal process to effect an illegal end?

We say he did seize the property; that it was in his possession at the time it was retaken on the writ of replevin; and that it is no answer

for him to say that his servant in the matter was an officer whom he had armed with an execution against another man.

The general doctrine is, that replevin may be brought in any case where the owner has goods taken from him by another. *Dame* v. *Dame*, 43 N. H. 37, and authorities cited in opinion.

It has been held in Pennsylvania, that although replevin was *prohibited* by statute to be brought against a *sheriff* who had taken goods in execution, yet that, after the sale, a person claiming property in the goods might maintain this action against the sheriff's vendee. *Shearick* v. *Huber*, 6 Binn. 2. And this rests upon the plain principle that the absolute owner of property has a right to the possession of it *in specie*. And this right is of such a fundamental character that he ought not to be deprived of it by any act of another.

In this case the plaintiff recovered the property on his writ of replevin; and there appears to be no good reason why the title to it cannot be as well settled in this suit as in any other way.

It is unnecessary to cite authorities to show the elementary law that a judgment for defendant on a plea of *non cepit* cannot be for a return of the property, and so, in this State, cannot be for damages.

*Fletcher, Heywood & Crawford*, for the defendant.

It appears from the case, that the property replevied was held by one Willis by virtue of an execution. The property being in the custody of the law upon final process, this action cannot be maintained. *Kellogg* v. *Churchill*, 2 N. H. 412; *Melcher* v. *Lamprey*, 20 N. H. 403; and it makes no difference from whom the property is taken upon the execution. *Eastman* v. *Molony*, cited in *Smith* v. *Huntington*, 3 N. H. 76.

The fact that the defendant directed the officer to seize this property would not make him liable, as the property was not held by order or direction of Roberts, but by virtue of the execution. At common law the defendant would be entitled to a judgment for the return of the property, and if so, he is entitled to a judgment for damages. *Dickinson* v. *Lovell*, 35 N. H. 9.

Foster, J.[*] The case finds that the property was taken by a deputy sheriff upon an execution in favor of the defendant against one Gordon, and that, until taken from his custody by virtue of the writ of replevin, the property remained under the officer's control. The defendant never had actual possession of the property, nor constructive possession, unless the officer is to be regarded as his agent, he having been directed by the defendant to seize the property upon the execution.

Replevin is strictly a possessory action: that is, as expressed by Blackstone, 2 Com. 198, "such wherein the right of possession only, and not of property, is contested." And it lies only in behalf of one entitled to possession, against one having, at the time the suit is begun, actual or constructive possession and control of the property. *Brockway*

---

* Ladd, J., did not sit.

v. *Burnap,* 12 Barb. 347; *King* v. *Orser,* 4 Duer 431; *Roberts* v. *Randel,* 3 Sandf. 707; *Knapp* v. *Smith,* 27 N. Y. 281; *Richardson* v. *Reed,* 4 Gray 442; *Coffin* v. *Gephart,* 18 Iowa 256.

It is a proceeding *in rem,* wherein the plaintiff seeks to recover the thing detained *in specie,* and not, as in trespass or trover, damages for its detention.

The actual possession of the officer is not the constructive possession of the defendant, although the execution in the officer's hands was levied upon this property by the direction of the defendant; but, until the property passed out of the officer's control by sale upon the execution or other legal means, it remained in the custody of the law, and in no way subject to the defendant's control, who, by virtue of his judgment and execution, acquired no title whatever to the property, nor any right of custody thereof, but only an inchoate right to payment out of its avails, by legal proceedings under and by virtue of the execution. *Gallagher* v. *Bishop,* 15 Wis. 282; *Ilsley* v. *Stubbs,* 5 Mass. 283; *Booth* v. *Ableman,* 16 Wis. 460; *Smith* v. *Orser,* 43 Barb. 187; *Repine* v. *McPherson,* 2 Kan. 340; *Willard* v. *Kimball,* 10 Allen 211.

The right to the writ while the goods are in the custody of the law, or of a sheriff, collector of taxes, or other officer acting under authority of the State, is denied by statute in Pennsylvania and New York. Morris on Replevin 83, 113, 114.

"The writ of replevin," says METCALF, J., in *Richardson* v. *Reed,* 4 Gray 442, "assumes that the goods which are to be replevied have been taken, detained, or attached by the defendant, and are in his possession or under his control; and it directs that they shall be replevied and delivered to the plaintiff, provided he shall give bond, conditioned, among other things, to restore and return the same goods to the defendant and pay him damages, if such shall be the final judgment in the action. But attached goods are in the legal custody and possession of the officer only. The attaching creditor has no property in them, general or special; no right to the possession of them; and no right of action against a third person who may take them from the officer or destroy them. *Ladd* v. *North,* 2 Mass. 516.

And even if, in any sense, the possession of the officer could be regarded as the possession of the defendant, still this action could not be maintained. It is well settled in this State that replevin will not lie against an officer for goods taken on execution from the possession of the judgment debtor. *Kellogg* v. *Churchill,* 2 N. H. 412; *Smith* v. *Huntington,* 3 N. H. 76; *Melcher* v. *Lamprey,* 20 N. H. 403; *Sanborn* v. *Leavitt,* 43 N. H. 473; Hilliard on Remedies for Torts 29.

Therefore it was once held that the recaption by process of replevin, of goods taken by an officer on execution, should be regarded as *contempt* of the court issuing the execution— *Winnard* v. *Foster,* 2 Lutw. 1190; and in *Rex.* v. *Monkhouse,* 2 Strange 1184, the court granted an attachment against the under-sheriff of Cumberland, for granting a replevin of goods distrained on a conviction for deer-stealing.

Our statute, authorizing replevin against the officer for goods attached upon mesne process, does not, of course, apply to this case; but the

common law rule prevails, with this statutory exception, that goods in the custody of the law cannot be replevied. ,

It was formerly held, in one or two New York cases, that replevin might be maintained against the judgment creditor under whose direction the officer took the goods, on the ground that, as both the officer and creditor were trespassers, replevin would lie against either of them, because it would lie wherever trespass *de bonis asportatis* would. *Allen* v. *Crary*, 10 Wend. 349 ; *Stewart* v. *Wells*, 6 Barb. 79. But this doctrine, utterly inconsistent as it is with the theory which regards the possession of an officer of the court as the possession and custody of the law, has been long since exploded in the only State where, so far as I can ascertain, it ever temporarily prevailed. And it is now held that this doctrine, and the dictum of Cowen, J., in *Cary* v. *Hotailing*, 1 Hill 311, that trespass and replevin are concurrent remedies, must be taken with the qualification that the defendant is in possession when the action is brought. *Brockway* v. *Burnap*, before cited.

It is undoubtedly true, that at common law replevin will not lie where trespass cannot be maintained; for by that law an unlawful taking of goods is a prerequisite to the maintenance of replevin. *Richardson* v. *Reed*, before cited. But it does not follow that trespass will not lie in many cases where replevin will not. Trespass will lie against the wrongful taker of goods, whether he has parted with the possession of them or not; but replevin will in no case lie against one who has transferred his possession to another.

The plaintiff's exception to the finding of the court, therefore, is ·overruled.

It remains to consider whether the defendant is entitled to judgment for damages. By the common law, if the plaintiff in replevin did not prevail in his suit, the defendant had judgment for a return of the property ; and by the Statute of Westminster, 2 c. 2, the sheriff executing the writ of replevin was . required to take pledges, not only for prosecuting the suit, but for a return of the property if a return should be adjudged. But neither the common law, in this respect, nor the statute of Westminster, ever prevailed in this State,—instead of which, by our practice, a judgment for the defendant for, damages in the same suit (by which anomalous proceeding the defendant becomes the actor or plaintiff) is the proper judgment. *Bell* v. *Bartlett*, 7 N. H. 178.

The process *de retorno habendo* prevails in Massachusetts, and is secured by the replevin bond. But the pertinent inquiry of Mr. Justice Metcalf, in *Richardson* v. *Reed*, is at once suggested by the peculiar aspect of this case : " How can the goods be returned, on a writ *de retorno habendo*, to him who never had possession of them nor the right of possession ? Or how can he be entitled to damages for the taking and detaining of goods in which he had·no property ? "

The plea of *non cepit* admits the property to be in the plaintiff; and, of course, on that plea the defendant cannot have judgment for damages. *Johnson* v. *Wollyer*, 1 Strange 507.

The defendant will have

*Judgment for his costs.*