KITTREDGE v. HOLT.          { Aug. 12, 1875.

55  621
72  105

*Replevin—Construction of statute.*

Replevin cannot be maintained, either at common law or by statute of July 1, 1873, by a third person claiming personal property taken on a valid execution.

REPLEVIN, for a horse, wagon, and harness. Plea, the general issue, with a brief statement. For the purpose of obtaining the opinion of the superior court upon questions of law supposed to arise therein, and for no other purpose, the following statement of facts is agreed upon by the parties: The said horse, wagon, and harness, while in possession of the plaintiff, were attached by the defendant, a deputy sheriff, as the property of Henry G. Kittredge, upon a writ in favor of H. H. Chamberlain & Co., March 16, 1874, and on the same day was receipted for by the plaintiff, " not hereby waiving any right which I may have to claim and hold the same as my own property." Judgment was obtained in said action on May 13, 1874; and on June 10, 1874, the defendant, having in his hands the execution issuing upon said judgment, demanded said property of the plaintiff, who delivered the same to him, and he thereupon proceeded to advertise said property for sale upon said execution. On July 3, 1874, the day of the sale, and while he held it upon execution, the property was replevied by the plaintiff. Upon the foregoing statement of facts the defendant claims that this action cannot be maintained.

If upon this statement this action can be maintained, this case is to be discharged, and either party may try by jury any question of fact which may arise in said case.

It was ordered, that the questions of law arising on the foregoing case be transferred to the superior court for determination, by STANLEY, J.

*Woodward & Wellington*, for the plaintiff.

*Wheeler & Faulkner*, for the defendant.

CUSHING, C. J. At common law replevin does not lie for goods taken on a valid execution as the property of the judgment debtor, whether the property be taken from the possession of the judgment debtor or otherwise. *Smith v. Huntington*, 3 N. H. 76; *Eastman v. Maloney*, Strafford, Feb. Term, 1822, cited in *Smith v. Huntington*. Our law was the same in regard to goods taken on mesne process. *Ib.*

By statute of June 30, 1825, it was provided that the action of

replevin might be maintained in favor of a third person claiming property which had been attached on mesne process. This law remained substantially the same until the act of July 1, 1873. By this statute— Laws of 1873, ch. 21, sec. 1—it is enacted as follows: "When any goods or chattels are unlawfully taken or detained from the owner or person entitled to the possession, or when any goods or chattels attached on mesne process are claimed by any person other than the defendant in the suit in which they are so attached or taken, such owner or other person may maintain replevin therefor."

The plaintiff's claim is, that, by this statute, goods taken in execution, which are claimed by a person other than the debtor, are embraced within the terms " unlawfully taken or detained," in the first clause of the section.

If this were so, and it was considered by the legislature that those words should embrace such a case, I can think of no possible reason why it should have been thought necessary to provide specially for goods taken on mesne process, and claimed by a person other than the debtor. If those words were sufficient for the case of goods taken on execution, they must be equally so for goods taken on mesne process.

On the other hand, when the legislature provided specially for the case of goods taken on mesne process, it is to me incredible that it should not also have extended the provision to the case of goods taken on execution, if it intended that such should be the law.

For these reasons it appears to me that by this statute the action of replevin cannot be maintained by a third party claiming goods that have been seized on execution.

LADD, J.    I think the only effect of the act of 1873, in amendment of Gen. Stats., ch. 226, sec. 2, upon which the plaintiff here relies, was to enlarge the action of replevin by making it applicable where there is an illegal detention of property as well as where there has been an unlawful taking; that is, to give the action of replevin in the *detinet* as well as in the *cepit*. The property here was in the custody of the officer on final process at the time the replevin was brought, and it is well settled in this state that replevin in such case does not lie. *Mitchell* v. *Roberts*, 50 N. H. 486, and cases cited.

SMITH, J.    The intention of the legislature is to be gathered from the language of the act itself; and, looking at the act of July 1, 1873, it is clear that the only change affected was to allow replevin to be brought for property unlawfully detained, as well as for property unlawfully taken.

We have been furnished by counsel with a copy of the original bill, introduced into the legislature in 1873, and they have agreed that it may be considered, for the purpose of ascertaining the intention of the legislature in the passage of the act. The act as passed is in the exact language of the bill as originally introduced, except that the words " or taken on execution," inserted in the original bill immediately after the

words "attached on mesne process," were stricken out by the house, and the bill as amended was subsequently passed by both houses. This affords very strong evidence that the legislature did not intend to change the law so as to authorize replevin to be brought for property taken on execution.

*Case discharged.*