## KIRKPATRICK v. BETHANY.

1. It is a proper mode of declaring to join the common counts, with a count on a a bill or note.

2. A party may declare for any cause consistent with, or embraced by the endorsement on his writ. Thus, if the writ be endorsed with a bill or note, the declaration may embrace the common counts, under which a bill or note may be given, in evidence.

3. If it be allowable for a defendant to avail himself of a variance between the endorsement on the writ and declaration, *semble*, the objection must be brought to the view of the Court in some other manner, than by a motion to strike a count from the declaration.

THE plaintiff in error caused to be issued against the defendant, a writ, in the usual form, returnable to the County Court of Dallas, and endorsed thereon, as the cause of action, a bill of exchange, drawn by the defendant, in favor of the plaintiff, on Messrs. Simpson & Douglass, which, it is stated in the endorsement, was protested for non-acceptance.

The declaration, in addition to counts on the bill, contained the common counts in *assumpsit*.

Previous to the trial, the defendant moved the County Court to strike out all the common counts in the declaration, which motion was granted; whereupon, the plaintiff excepted. And a judgment being thereafter rendered on the verdict of a jury, the plaintiff has prosecuted a writ of error to this court, and now assigns as a cause for the reversal of the judgment, the decision, by which the common counts were stricken from the declaration.

EDWARDS, for the plaintiff.

J. B. CLARK, for the defendant.

COLLIER, C. J.—It was competent, for the plaintiff to have joined the common counts with a count on the bill, and it is a
26

mode of declaring, usual in practice, *ex majore cautela*. A bill or note is, *prima facie*, evidence of *money paid* to the use of the drawer of the one, or maker of the other: (Pownal v. Ferrand; 6 B. & C. Rep. 439: Bayl. on bills 164.) So a bill, as well as a note is, *prima facie*, evidence of *money had and received* by the drawer or maker, to the use of the holder: (Bayl. on Bill 487; 4th ed.) But even if the bill be not admissible under the common count, which a plaintiff may choose to join, still its insertion cannot be regarded as a misjoinder. The *general issue* to each count is, *non assumpsit;* and the demands are to be established by evidence existing in parol, though in the one case it is written, and in the other, depends upon the memory of witnesses.

The omission of the plaintiff to particularize, in the endorsement of the cause of action on his writ, every count proposed to be embraced in the declaration, did not authorize the court to strike out those not particularly noticed. Without pretending to inquire whether, or how far, a variance between the endorsement on the writ and the declaration, will be regarded, we think it entirely competent for a party to declare for any cause consistent with, or embraced by the endorsement. Thus, if the writ be endorsed with a bill or note, the declaration may embrace the common counts, under which a bill or note may be given in evidence.

But if it be allowable for the defendant to avail himself of a variance between the endorsement on the writ, and the declaration, we are inclined to the opinion, that the objection must be brought to the view of the court, in some other manner than by a motion to strike out the objectionable part of the declaration. In every point of view, we are of opinion, that the County Court erred in its decision upon the defendant's motion. The judgment is therefore reversed, and the case remanded.