JOHN S. SAYWARD, *&* al. *versus* HENRY WARREN.

In an action of replevin, a plea or brief statement, alleging that the defendant was not in the possession of the property, at the time the same was replevied, nor claimed to own it at that time, is bad in substance.

An action of replevin may be maintained against one who has wrongfully taken the property of the plaintiff, and for a time detained it, but who has, before the commencement of the suit, sold and delivered it to another.

REPLEVIN for a quantity of hay. With the general issue, *non cepit,* the defendant filed the following brief statement: —

And for brief statement the defendant says, that he did not take said property as alleged, that at the time said property was replevied he did not have the same in his possession, or claim to own the same, but had previously parted with all his right, title and interest therein. — And further, that at the time said plaintiffs sued out their writ, they had no interest in said property nor ever since have had. — And further, that said property by said plaintiffs replevied, to wit: said hay, was cut from, and was the produce of land in the possession of and owned by said defendant.

At the trial, Shepley J. instructed the jury, that unless the defendant was in possession of the hay, or claimed it as his own, at the time of the service of the writ, the action could not be maintained; and that if the jury should believe, that the sale of the hay by the defendant to his brother was a *bona fide* sale, and the delivery of it was before the service of the writ, the action could not be maintained. The verdict was for the defendant, and the plaintiffs filed exceptions.

There was also a motion for a new trial filed, because the verdict was against evidence; and on this motion the whole evidence was reported.

*Ingersoll*, for the plaintiffs, contended that the instruction was erroneous, because it changed the issue in replevin, from the time of the taking and detention to the detention of the property at the time of the service of the writ.

Under this instruction the defendant might take the plaintiff's property wrongfully, and detain it until the day of the service of the writ, and defeat the action, by placing the property in the hands of another person, perhaps wholly irresponsible, and thus compel the plaintiffs to pay the costs, as well as to cause them to lose their property.

The brief statement does not deny any material allegation in the writ. It should, to be good, have denied the taking and detention. 11 Mass. R. 119 and 313.

The officer was directed to replevy the hay in the hands and possession of the defendant, and the officer returns that he has "replevied the within hay." This return is conclusive that the hay was then in possession of the defendant. *Stinson v. Snow*, 1 Fairf. 263.

In replevin the suit is not commenced until the bond is given, and the defendant would always have time to shuffle the property out of his hands, and thus furnish a defence to the suit, if the instruction was right.

*Cutting*, for the defendant, contended that the plaintiff must have the property in his possession, or claim it as his own at the time of the replevin, or he fails in his action. 1 Esp.

N. P. 350, and cases there cited. Trespass or trover may be maintained for the illegal taking, but replevin cannot. The property must be detained until the time of the service of the writ. *Lathrop* v. *Cook*, 14 Maine R. 414.

The issue, usually, is upon property in the plaintiff at the time of the commencement of the suit; and that cannot be, in replevin, until the bond is taken. Before that is done, the officer cannot make any service.

The officer, by virtue of a writ of replevin against one, cannot take property in the possession of another, claimed as his own. Until the property is taken by the officer and restored to the plaintiff, there can be no service. The replevin bond is to be given to the defendant in the suit; and if the officer can take property out of the possession of one man on a writ against another, the latter may lose his property, without remedy, and without any opportunity to defend, and to show the property to be his own. The instruction of the presiding Judge was strictly legal, and in accordance with the decision of this Court in *Lathrop* v. *Cook*, and should be sustained.

The opinion of the Court was drawn up and delivered June 30, 1848, by

WHITMAN C. J.—This is an action of replevin, to which the defendant pleads the general issue, *non cepit;* and files a brief statement under the statute, setting forth, among other things, that he was not in possession of the property replevied, nor claimed to own the same at the time it was replevied from him; and the ruling of the Court appears to have been, that, if such was the case, the action was not maintainable; and to this the plaintiff took exceptions.

The first obvious remark to be made is, that such a plea, for such in substance it is, is unprecedented; and, in such case, doubts might well be expected to arise as to its admissibility, as, if it be admissible, it is a matter of no little surprise, that it should not heretofore, have been found necessary to have had recourse to it; especially as this species of action has been of frequent occurrence — as much so as almost any other

known to the law — as long and as far back as the history of the common law can be traced. The gist of the action at common law is, the unlawful taking. It is true, nevertheless, that a detention is also alleged; but the general issue is *non cepit*. Even the denial of the detention by a plea, without traversing the taking, is unprecedented; and it is believed would be bad on demurrer. Much more should a plea be so considered, which merely denied that the defendant had possession of the goods, and disclaiming any ownership therein at the time the suit was commenced. In Comyn, title, Replevin, A. it is laid down, even, that if cattle, after the taking, return to the owner, still that replevin lies for the wrongful taking. And again — same, title, C. replevin lies against him who takes the goods, and against him who commands the taking. If so, clearly, he who commands the taking could not plead, that he was not in possession, and claimed no property in the goods; and much less could the actual wrongdoer be allowed to do so. Mr. Justice Van Ness, in delivering the opinion of the Court, in *Pangburn* v. *Patridge*, 7 Johns. R. 140, remarks, that "possession by the plaintiff, and an actual wrongful taking by the defendant, are the only points requisite to support the action." And again — he says, "the old authorities are, that replevin lies for goods taken tortiously, or by a trespasser; and that the party injured may have replevin or trespass at his election." And again — "if this question be considered upon principle, it is proper this action should be maintainable whenever there is a tortious taking of a chattel out of the possession of another." And the cases of *Thompson* v. *Button*, 14 *ib*. 84, and *Clark* v. *Skinner*, 20 *ib*. 465, are confirmatory of this position; and in *Chapman* v. *Andrews*, 3 Wend. 240, Mr. Justice Sutherland says, "the doctrine of this Court I consider as settled, that replevin lies for such a taking as will sustain an action of trespass *de bonis asportatis*. And such, undoubtedly, was the common law, as is fully shown in *Pangburn* v. *Patridge*.

In Massachusetts it seems to have been held, that a wrongful detention is so far a wrongful taking, as to authorize the

sustaining of an action of replevin; and in cases in which it may be at least doubtful, if an action of trespass *de bonis* could be sustained; for it is understood, that this determination is not confined to cases where by the misconduct of the party, in reference to goods lawfully taken, he has become a trespasser *ab initio*. *Bailey* v. *Stubbs*, 5 Mass. R. 280; *Badger* v. *Phinney*, 15 *ib.* 359; *Parker* v. *Fales*, 16 *ib.* 147; *Marston* v. *Baldwin*, 17 *ib.* 606. These decisions may, however, find support from the phraseology of the statute of Massachusetts, of which ours is a transcript, as remarked by Mr. Justice Wilde, in the case last cited, which is, that the action may be brought when goods are " taken, detained or attached ;" thus extending the common law remedy for goods wrongfully detained. Yet a writ of replevin, with the declaration therein, as prescribed in the statutes of Massachusetts and of this State, must be as if predicated upon a tortious taking; and it may well be doubted if one alleging a wrongful detention merely, would not be held to be bad on a plea in abatement, if not upon demurrer.

In the position taken in defence in the case at bar, the unlawful taking, and also the wrongful detention, with the exception of the moment at which the writ was served, must be considered as admitted ; for they are not traversed. And if by the general issue pleaded they should be considered as traversed, the evidence was conclusive, that the defendant did take the hay replevied, and sold it. He, therefore, was the cause of the detention and virtually did detain it, till replevied. At any rate, he must be considered as having commanded the detention of it to that very moment; for selling it to a third person is in effect commanding him to detain it. And he who commands a taking, we have seen, is liable to this process ; and could not plead, that he had not the property in possession, and did not claim to own it, as matter in full defence. The effect of such a disclaimer might be to prevent a judgment for a return, in case the defendant should prevail upon proper defence made. The judgment against him would be for damages only for the unlawful taking or detention. If

any third party claimed to own the goods, it would be for him to vindicate his rights in any mode that might be appropriate.

*Exceptions sustained.*