## HARRIS *vs.* HILLMAN.

1. The distinctions between the actions of detinue and trover are carefully preserved in the Code, and an amendment of the complaint which would convert an action of detinue into an action of trover cannot be allowed.— Code, § 2403.

2. In detinue for a slave, a recovery cannot be had against a purchaser at sheriff's sale, who, without notice that plaintiff intended to assert any right to the slave, parted with the possession under a contract of hiring before the suit was commenced.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. THOMAS A. WALKER.

DETINUE (under the Code) by John W. Harris against Joseph Hillman, for a slave named Burley; plea, not guilty. The plaintiff claimed under a deed of trust executed to him,

as trustee, by one F. O. H. White, dated March 18, 1844, and duly recorded in Franklin county, to secure a debt due to one Oscar H. Rolf; and the defendant claimed as purchaser at sheriff's sale, under an execution which was issued on a judgment in favor of Wiley, Banks & Co. against said White, which was rendered in March, 1852.

"The plaintiff proved, that he, as trustee, had advertised the negro to be sold for the payment of the debts secured by the deed, on the very day the execution was levied on him. At this stage of the trial, the defendant introduced a witness, who testified, that he (witness) was in possession of the slave at the time the suit was instituted, having hired him from the defendant, soon after his purchase of him, for the remainder of that year. The plaintiff's attorney then moved the court for permission so to amend the complaint that it might be for damages for the conversion of the negro by the defendant, instead of a recovery of the negro himself, and insisted upon this right under the Code of Alabama; but the court overruled the motion to amend the complaint, and the plaintiff excepted.

"The court then charged the jury, that the plaintiff could not recover in this suit, being an action of detinue, if they were satisfied from the evidence that the negro was not in defendant's possession at the time the suit was instituted, but had been hired out by him for the remainder of that year to another person, in whose possession the negro was; and to this charge, also, the plaintiff excepted, and took a non-suit."

These two rulings of the court are now assigned for error.

JNO. A. NOOE, for the appellant:

1. The court should have allowed the amendment of the complaint. The defect, (if, indeed, there was any defect at all) was one of form. The object of the suit was, to recover the negro, or his value; and the true question in the case was, who had the better title, the plaintiff as trustee under the deed, or the defendant under his purchase at sheriff's sale. It was immaterial to both parties by what form of complaint their respective rights were determined—whether by an action for the recovery of the slave, or for damages for his conversion. A judgment against the defendant in this action

would have been satisfied, if the negro was not in his possession to deliver to the sheriff, by paying his value. It is a mere technicality that requires the defendant in detinue to be in the actual possession of the slave at the commencement of the suit; and it is not required where he wrongfully got the possession himself, or wrongfully parted with it. The amendment of the complaint would not have taken the defendant by surprise, and would not have done him any injustice; his rights would not have been at all affected, and he would have relied on the same evidence to sustain his title in both cases. Code, §§ 2402, 2403.

2. The charge of the court was erroneous. The case of Walker v. Fenner, 20 Ala. 192, on which it was based, is not authority since the adoption of the Code, which declares (§ 2402) that " all causes must be tried according to the rights of the parties, without regard to forms." It was certainly the intention of the Legislature, in the adoption of the Code, to abolish all technicalities and forms, as far as possible, so that all causes might be determined according to the rights of the parties. But, even if Walker v. Fenner is still to be regarded as a correct decision, the principle upon which it was decided is not at all applicable to this case. There is a marked distinction between the two cases: Walker was never in possession of the negro after Fenner became entitled to it, but had parted with the possession under a contract of hiring, as he had a perfect right to do, owning a life estate which had not terminated at the time of hiring; but the defendant in this case, knowing that plaintiff claimed title to the negro under his recorded deed, wrongfully acquired the possession in the first instance, and wrongfully parted with it; and therefore, on the authority of what is said in Walker v. Fenner, he was liable in detinue, and could not deprive plaintiff of his right to that action by hiring out the negro to another.— Hunter v. Sevier, 7 Yerg. 134; Haley v. Rowan, 5 Humph. 301; 1 Wash. 12; 1 Hayw. 12; 1 Chitty's Pl. 120; and other authorities cited in R. W. Walker's brief in Walker v. Fenner, *supra*.

WM. COOPER, *contra*, contended, 1st, that the Code does not authorize an amendment which would change the nature

of the action, any more than the previous statutes authorizing amendments in matters of form.—Aiken's Digest, p. 265, § 44; Clay's Digest, p. 321, § 50.

2. That the charge of the court was fully sustained by the case of Walker v. Fenner, 20 Ala. 192.

RICE, J.—The well-known boundaries of the actions of detinue and trover, are distinctly marked, and carefully preserved in our Code. A form of complaint is therein laid down for each of these actions. The form for detinue is under the caption, "For the recovery of chattels in specie", which aptly expresses the peculiar object of that action. The form for trover is under the caption, "For the conversion of chattels", which indicates that conversion should continue to be, as it had ever been, the *gist* of that action.—Code, pp. 552, 554. The judgment in detinue is, that the plaintiff recover the chattels, if to be had, (but if not to be had, their value,) and damages for their detention. The judgment in trover is, that the plaintiff recover damages only. The evidence which will sustain detinue, will not, in many cases, sustain trover.

The present action is detinue. The complaint is in the very form given in the Code for that action, and is free from any defect. The Circuit Court had no power to allow the plaintiff to convert this complaint into a complaint in trover, and properly overruled his motion to that effect. The power of that court to allow amendments does not, and never did, extend so far as to allow such change in a declaration or complaint.—Herring v. Glisson, 2 Dev. Law R. 156.

It appears that the defendant was a purchaser at sheriff's sale in January, 1853, of the slave here sued for, and thus obtained the possession in a manner which appeared to be lawful, and that soon thereafter he hired the slave to another person for the remainder of the year 1853, without any notice that the plaintiff intended to assert any right to said slave, or to call in question the right of defendant acquired at said sheriff's sale; and that soon after he thus parted with the possession under said hiring, this action of detinue was commenced. Such parting with the possession under the contract of hiring, without notice as aforesaid, was not wrongful,

and the charge of the court is substantially correct, when construed in connection with the facts above stated. We do not, however, intend to decide, that if it had appeared that the defendant parted with the possession of the slave under said hiring with notice that the plaintiff intended to assert a right to the slave, or to call in question the right of defendant acquired at sheriff's sale, that such parting with the possession would, of itself, have exempted him from liability in this action of detinue.—Walker v. Fenner, 20 Ala. 192.

There is no error in the record, and the judgment is affirmed.