# CONNER & JOHNSON *vs.* ALLEN & REYNOLDS.

[TROVER FOR CONVERSION OF BUGGY.]

| | |
|---|---|
| 33 | 515 |
| 93 | 606 |
| 33 | 515 |
| 114 | 150 |
| 33 | 515 |
| 124 | 343 |
| 33 | 515 |
| 130 | 434 |
| 33 | 515 |
| 132 | 565 |
| 33 | 515 |
| 143 | 274 |

1. *What constitutes conversion.*—To constitute a conversion, such as will sustain an action of trover, there must be a destruction of the plaintiff's property; or some unlawful interference with his use, enjoyment, or dominion over it; or an appropriation of it by the defendant to his own use, in disregard or defiance of the owner's rights; or a withholding of the possession from the owner, under a claim of title inconsistent with his own.

2. *When conversion vel non is question for jury.*—When there is evidence tending to show a reasonable excuse for the act or conduct of the defendant, which is relied on by the plaintiff as constituting a conversion, the reasonableness and sufficiency of the excuse is a question for the jury, under proper instructions from the court.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. E. W. PETTUS.

THIS action was brought by Allen & Reynolds, against the appellants, to recover damages for their conversion of a buggy in August, 1855. The facts of the case are thus stated in the bill of exceptions:

"On the trial of this cause, the plaintiffs offered evidence conducing to show that, on the —— day of ——, 185–, they were the proprietors of a livery-stable in Selma, and kept horses, buggies, &c., for hire; that on that day the defendants hired a horse and buggy, at one dollar and a half for each, to go to Summerfield, about nine miles, and return that evening; that the

horse was returned that evening, but the buggy was not returned until thirty days afterwards; and that the buggy, if it had been returned, would have been worth to them one dollar and fifty cents per day during the thirty days. The defendants then proved, that they drove the horse and buggy to Summerfield, and put them in the hands of the keeper of a livery-stable at that place; that the buggy was badly broken the next time they saw it; that one of them then had it taken to a shop, to be repaired; that he did have it repaired, and returned it to plaintiffs, so repaired, at the time above stated. There was no proof of negligence on the part of the defendants, other than as above stated.

"Upon this proof, the court charged the jury, that if they believed from the evidence that the plaintiffs were the keepers of a livery-stable in Selma, and kept horses and buggies for hire; and that the defendants, at the time spoken of by the witness, hired the horse and buggy from plaintiffs, to go to Summerfield, and be returned that evening; and that the buggy was not returned for thirty days,—then the plaintiffs would be entitled to recover for the use of the buggy during that time; to which charge the defendants excepted," and which they now assign as error.

GEO. W. GAYLE, for the appellant.

ALEX. WHITE, contra.

RICE, C. J.—Trover is one of the actions, the boundaries of which are distinctly marked and carefully preserved by the Code. A *conversion* is now, as it has ever been, the *gist* of that action, (Harris v. Hilman, 26 Ala. 380;) and without proof of it, the plaintiff cannot recover, whatever else he may prove, or whatever may be his right of recovery in another form of action.

"Whoever undertakes *tortiously* to deal with the property of another *as his own*, or *tortiously* detains it from the owner, is, in contemplation of law, guilty of a conversion." Watt v. Potter, 2 Mason's R. 77. "A conversion, in the sense of the law of trover, consists either in the appro-

priation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it, *in exclusion or defiance of the plaintiff's right*, or in withholding the possession from the plaintiff, *under a claim of title inconsistent with his own*"—2 Greenleaf on Ev. § 642. But the use, or disposition, or detention of a thing, that "might be a *tort* under one circumstance, might, if done under others, assume a different appearance;" as for example, if the use, disposition, or detention, was to do a kindness to the owner, and without any intention of injury to the thing, or of converting it to the use of the person using, disposing of, or detaining it, and was merely conservative of it, and perfectly consistent with the right of the owner, and his dominion over it.—2 Greenlf. on Ev. § 643; Drake v. Shorter, 4 Esp. R. 165; Sparks v. Purdy, 11 Missouri R. 219; Watt v. Potter, 2 Mason's R. 77; Glover v. Riddick, 11 Iredell, 582; Dent v. Chiles, 5 Stew. & Por. 383.

[2.] When, as in this case, there is evidence tending to show a reasonable excuse for the act or conduct of the defendant which is relied on by the plaintiff as proving or tending to prove a conversion, the jury are to judge, under proper instructions from the court, of the reasonableness of the excuse, and whether, under all the circumstances, there has been a conversion.—Dent v. Chiles, *supra;* and Watt v. Potter, *supra.*

The charge of the court below is in conflict with the law, as above declared, and is erroneous. For the error in the charge, the judgment is reversed, and the cause remanded.