## ELLIS and others *vs.* LERSNER.

An action for claim and delivery of personal property may be brought against the wrongdoer, although he has parted with the possession of the property before the commencement of the action.

Where the defendant was charged with fraudulently obtaining the plaintiffs' property, and with having placed it on board of a vessel, and consigned to his uncle, in London, and it was alleged that the defendant had drawn drafts upon the bill of lading, payable when the property should arrive; *Held* that the case came within the above rule; and that the plaintiffs had a right to ask a jury to pass upon these questions, and, if they found the transaction to be fraudulent, to recover the value of the goods, if possession could not be delivered.

THIS action was brought to recover personal property of which the plaintiffs claimed to be owners, and the possession of which belonged to them, and of which they were illegally deprived, and which the defendant has fraudulently converted to his own use.

The answer denied every allegation in the complaint, and also set up as a separate defense that the property had been shipped to Liverpool, and bills of lading obtained, and bills of exchange drawn against the bills of lading.

Upon the trial the cause was opened by the plaintiffs' counsel admitting the drawing of the bills, and the receipt of money upon them. The justice at the circuit dismissed the complaint, upon the ground that the property had passed from the possession of the defendant before the commencement of the suit. From this decision the plaintiffs appealed.

*S. Lay*, for the appellants. I. This appeal is to be treated as though all the facts stated in the opening had been regularly and competently proved, and no point can now be raised, except the one made at the trial, unless this court can see that under no state of circumstances could the objection now first made be obviated. The motion and the ruling treated all the facts stated as sufficiently proved.

II. The facts stated, made the sale conditional, and, uncontradicted, would have entitled the plaintiffs to a verdict,

on the ground that no title passed to the defendant ; and, if contradicted, should have been submitted to a jury. (*Smith* v. *Lynes*, 5 *N. Y. Rep.* 41. *Herring* v. *Hoppock*, 15 *id.* 409. *Fleeman* v. *McKean*, 25 *Barb.* 474. *Acker* v. *Campbell*, 23 *Wend.* 372,)

III. The facts and circmstances stated in the opening were sufficient to warrant the conclusion that the property was purchased, with the fraudulent design, on the part of the defendant, not to pay for it; which would avoid the sale. (*Hall* v. *Naylor*, 18 *N. Y. Rep.* 588. *Root* v. *French*, 13 *Wend.* 570. *Baffington* v. *Gerrish*, 15 *Mass. Rep.* 156. *Lupin* v. *Marie*, 2 *Paige*, 169. *Andrew* v. *Dieterich*, 14 *Wend.* 31. *Cary* v. *Hotailing*, 1 *Hill*, 311. *Buckley* v. *Artcher*, 21 *Barb.* 585.)

IV. The facts proposed to be proved, were sufficient to justify the finding, that the goods were procured by false representations, and that the property did not pass. (*Willson* v. *Foree*, 6 *John.* 110, *and cases cited to the third point.*)

V. The circumstance suggested in the motion for the dismissal of the complaint, that the action was not commenced until a year had elapsed after the property had passed out of the defendants' possession, is not at all controlling ; for if the right of action accrued immediately on the demand, the action could be maintained, if commenced at any time within the period limited by statute for the commencement of such an action, viz, six years. (*Code*, § 91.)

VI. At common law, the remedy sought in this action would have been obtained by an action of *detinue*. (3 *Bac. Abr.* 133. 3 *Bouv. Inst.* § 3477.) That action lay against one who had had possession of the property, although he may have parted with it at the time when the action was brought. (3 *Bac. Abr.* 135, [*B*] *and cases cited.*) When the action of *detinue* was abolished in this state, (2 *R. S.* 573, § 15, *Edmonds' ed.*,) the action of replevin was so enlarged as to embrace all the remedies provided for by that section, (*id.* 540, § 1 ; *see also the Revisers' notes*, 5 *R. S.*

496 ; *Barrett* v. *Warren,* 3 *Hill,* 348.) Replevin, under the Revised Statutes, was maintainable, although the defendant may have parted with the possession of the property before the action was commenced. (2 *R. S.* 542, § 11. *Id.* 548, § 49.) The first of these sections provided for the arrest of the defendant, in case the property had been removed or concealed so that the sheriff could not make delivery thereof. The other provided for the kind of judgment to be entered in case the property could not be delivered to the plaintiff. The following are the leading cases under those statutes, holding that this action could have been maintained before the Code. (*Snow* v. *Roy,* 22 *Wend.* 602. *Cary* v. *Hotailing,* 1 *Hill,* 311. *Olmsted* v. *Hotailing, Id.* 317. *Ely* v. *Ehle,* 3 *Comst.* 506.) It seems obvious that the provisions of the Code entitled " Claim and Delivery of Personal Property," are and were designed to be a substitute for the old action of replevin. The clear import of the provisions would lead to that conclusion, were we without any direct authority upon the point. But we have the clear and positive declaration of the Commissioners of Practice, &c. in 1848, page 169, sustained by the following adjudications under the Code : (*Roberts* v. *Randell,* 5 *How. Pr. R.* 327, *affirmed at Gen. Term,* 3 *Sandf.* 707. *Chappel* v. *Skinner,* 6 *How. Pr.* 338. *Rockwell* v. *Saunders,* 19 *Barb.* 481. *The N. R. Co. of France* v. *Carpentier,* 4 *Abb. Pr. R.* 51. *Ross* v. *Cassidy,* 27 *How. Pr.* 416. *Nichols* v. *Michael,* 23 *N. Y. Rep.* 264. *Porter* v. *Willet,* 14 *Abb. Pr. R.* 319.) These authorities would seem to show that possession of the property sought to be recovered need not be shown at the time of commencing the action. But a reasonable construction of the Code will make it more obvious. The doctrine of the learned justice who tried this cause would deny the action for the recovery of personal property in that large class of cases where a demand is necessary ; for an immediate transfer of possession would require a new demand, and a new defendant, and he, in turn, might transfer possession while the

action was being commenced, and a new demand and a new defendant would be required, and so on *ad libitum.* Section 277 of the Code prescribes the form of judgment in case delivery cannot be had. And section 179, subdivision 3, seems to put the question at rest. It provides for an arrest "in an action to recover personal property unjustly detained, where the property, or any part thereof, has been concealed, removed or disposed of, so that it cannot be found or taken by the sheriff," &c. and this, be it remembered, is at the commencement of the action. By the ruling of the learned justice in this action, that provision of section 179 would be rendered wholly inoperative, which section may be regarded as a legislative definition of the action under the Code, in harmony with the plaintiffs' position. The following cases since the Code are directly in point : (*Brockway* v. *Burnap,* 16 *Barb.* 309. *Ross* v. *Cassidy,* 27 *How.* 416. *Van Neste* v. *Conover,* 20 *Barb.* 547. *Ward* v. *Woodburn,* 27 *id.* 346. *Nichols* v. *Michael,* 23 *N. Y. Rep.* 264. *Jessop* v. *Miller,* in *Court of Appeals, decided June term* 1864, *not yet reported.*) In *Ross* v. *Cassidy,* above cited, the learned justice who gave the opinion of the court says, upon the identical point under consideration in this action : "The fact that he (the defendant) had, before demand, sold the goods in good faith, and without knowledge of the claim, could not affect the owner's right to hold him responsible for them." Much less should it affect the plaintiff's right in this action, where the defendant parted with the possession wrongfully, and was the fraudulent possessor. In *Nichols* v. *Michael,* it appeared that the goods, for the recovery of which the action was brought, were purchased by one of the defendants of the plaintiff, in April, 1863, and that the defendant continued business until August following, when he made an assignment for the benefit of his creditors. It was objected that the action could not be maintained against the assignor, because he had parted with the property to the assignee who was in possession. It did not appear how much of the prop-

erty was on hand, or how much had been sold; the court held "the legislature did not intend by the Code to abridge the former action of replevin, as they found it; and *nothing therein prevents the present remedy by an action to recover personal property, being as full, and complete as that action was under the Revised Statutes.* An action, properly, lay against Pinner, notwithstanding he had assigned and delivered the property to Michael."

*A. R. Dyett*, for the respondent. There is only one point in the case, and that is, the judge properly nonsuited the plaintiff. (*Nash* v. *Fredericks*, 12 *Abb. Pr.* 147.) The case of *Nichols* v. *Michael*, (23 *N. Y. R.* 264,) does not conflict with *Nash* v. *Fredricks.* The court was not called upon to decide the point in question. The goods had been assigned to an assignee, for the benefit of creditors, who was *not a bona fide* purchaser for value, and was a *defendant* in possession of the property; and the only point argued or decided was, whether the assignor in *such a case* was properly a codefendant, and the court held he was, because he was guilty, equally with the assignee, of the detention of the property. At common law, originally, replevin lay only to recover possession of property distrained. It was always a possessory action, and so continues. Its object always was to recover the property itself. Detinue also lay to recover the property itself, where it was other than a distress, and was unlawfully detained, whereas, in trover and trespass, damages only were recovered. Replevin, in England, finally, was allowed for property detained—at least, so the courts in Massachusetts decided, though those in this state decided otherwise. (*Morris on Replevin*, 37, 38.) Our Revised Statutes definitely settled the point, but did not change the elements or character of the action. If the case of *Brockway* v. *Burnap*, (16 *Barb.* 309, doubted, if not overruled, in *Nash* v. *Fredricks, supra,*) really does hold that replevin will lie where, at the time of the commencement of the action, the defendant had neither

possession nor control of the property, it is not only the first and only case so holding, but no case can be found where the action was maintained in such a case, or in which a recovery was had, unless it was *sub silentio* as to the point.

At common law, if the distress was eloigned, or removed into another county, so that the sheriff could not take the beasts (but still they were in the possession of the distrainor,) the writ of *withernam* issued to take other beasts of the distrainor and hold them until he made deliverance to the sheriff of the original distress, (*Jacobs' Catalogue of Writs, p.* 120,) or the party might go on with the action to judgment, and then get return or value. But no instance can be found in which this writ was allowed after sale of the distress, or other absolute disposition and parting with entire control and possession of the property. All the common law writs and plaints in this action, all the English statutes, the declarations, pleas, verdicts, judgments, and executions, concur in establishing that the very existence of the action depended upon the property being in the possession or under the control of the defendants, and that the great object of the action, and its distinctive feature, was the recovery of the property itself, and its delivery to the plantiff at the commencement of the action. (*Morris on Replevin, opening chapter.*)

Coming down to our own time, our statutory provisions bear concurrent testimony to the same point. See R. S. 522 ; §§ 1, 2, 3, 4, 5, as to object of action ; § 6, the writ by which commenced ; § 10, applying to removal or concealment of property ; § 12, as to bond in such case to abide the judgment, which, by § 49, must always for plaintiff be for the return ; but no provision is made for case of *absolute disposal* by defendant, prior to the issuing of the writ, to which the proceedings just named would be inapplicable as well as unjust ; §§ 53 and 55, showing judgment for the defendants, and that he (and not the plaintiff,) may waive return; § 36, showing form of declaration ; and see, generally, the whole of *title* 12, as specially applicable to, and contemplating in its whole

scope, the property in defendants' possession. And see, also, *Code*, §§ 206, 507, *sub*. 3, (affidavit,) § 209—("if in possession of defendant, or his agent ;") § 211, reclamation by defendant ; §§ 212, 215, as to keeping property ; § 214, as to. breaking building, &c. ; § 179, sub. 3, provides for concealment, removal, or disposition of a particular kind, but when taken in connection with §§ 188, 189, and 211, shows it clearly contemplates that the property is, nevertheless, in the possession or under the control of the defendant.

Nor is any provision made in the Code for the case of an absolute disposal and parting with entire possession and control of the property before the commencement of the suit. These views are sustained by the cases of *Roberts* v. *Randel*, 5 *How*. 327. *S. C.* 3 *Sand. p.* 707. *Elwood* v. *Smith*, 9 *How*. 528. *Bowman* v. *Eaton*, 24 *Barb*. 528. *Brockway* v. *Burnap*, 8 *How*. 188. *S. C.* 12 *Barb*. 347. *Van Nest* v. *Conover*, 5 *How*. 148. *King* v. *Orser*, 4 *Duer*, 431. *Chappel* v. *Skinner*, 6 *How*. 338. *Maxwell* v. *Farnam*, 7 *id*. 236. 1 *Dallas*, 157. 14 *Serg. & R.* 25. 2 *Rawle's R.* 248. *Morris on Replevin*, 37, 38. *Bower* v. *Tallman*, *Watts & S.* 561. See also 2 *Fairfield*, 28. 5 *Ohio R.* 202. *Mulvey* v. *Davison*, 8 *How*. 111. *Pike* v. *Lent*, 4 *Sand*. 650.

Ejectment bears the same relation to real estate as replevin to personal. It will not be pretended that ejectment would lie against a party who had once been in possession, claiming title, but had conveyed all his interest in the land, and was not in possession at the commencement of the action ; and yet the cases are strictly analogous.

*By the Court*, INGRAHAM, J. The only question in this case, is, whether an action for claim and delivery of personal property can be maintained against the wrongdoer after he has parted with the possession of the property.

Contradictory decisions have been made on this question, in the Superior Court, and at different terms of the Su-

preme Court ; and the only source from which a settlement of this question can be obtained is the decision of the Court of Appeals on this point. I do not deem it necessary to review the decisions of this court. In *Nichols* v. *Michael*, (23 *N. Y. Rep.* 264,) this question was examined. One ground on which the defendants moved for a dismissal of the complaint was, "That it appeared that at the time the action was commenced, the defendant had delivered over the goods to Michael, and he could not be responsible in the action." The motion was denied, and the defendant appealed. JAMES, J. says : " Some conflict has existed, in the courts, on this question whether an action under the Code could be maintained to recover possession of personal property when the defendant had not the possession either in law or in fact at its commencement." After referring to the cases in 3 *Sandf.* 707 ; 8 *How.* 188 ; and 9 *id.* 528, he says, the case of *Brockway* v. *Burnap*, (8 *How.* 188,) was reversed at general term, (16 *Barb.* 309,) and the court held that an action to recover personal property could be maintained, notwithstanding the defendant had wrongfully parted with the possession, before the suit was commenced. This we think is the better rule ; and we concur in the view therein expressed, that the legislature did not intend, by the Code, to abridge the former action of replevin as they found it. In this view of the case, the action properly lay against Pinner, notwithstanding he had assigned and delivered the property to Michael. In the same case, Selden, J. says, p. 270 : " It is insisted that an action to recover the possession will not lie against Pinner, because he was not in possession at the time of the commencement of the suit, and because his possession was rightful, &c. These objections are, I think, sufficiently answered by the cases, 5 *Car. & Pa.* and 9 *Mees. & Wels.* 19. In the latter case, Parke, B. says : " Detinue does not lie against him who never had possession of the chattel, but it does against him who once had, but has improperly parted with the possession of it." And again he says : " If the goods were fraudulently

Ellis *v*. Lersner.

obtained, he had no right to retain possession for one moment, and could transfer no such right to his assignee."

A later case was that of *Jessup* v. *Miller et al.* not reported. In that case it was proved that one of the defendants had parted with the property before suit brought, and that the defendant requested the court to charge the jury that there was no evidence to show that this defendant had the possession or control of the property at the time the suit was commenced. The court declined so to charge, and the jury found for the. plaintiffs. Afterwards a new trial was granted, upon the ground, as to this defendant, that the judge erred in refusing so to charge the jury. This order was appealed from, and affirmed by the general term. An appeal was then taken to the Court of Appeals. MULLIN, J. delivered the opinion of the court, holding the granting of a new trial erroneous, and the order was reversed and the ruling at the trial was affirmed.

These decisions, I think, establish the doctrine that an action for claim and delivery of personal property may be brought against the wrongdoer, although he has parted with the possession of the property before the commencement of the action.

This case comes within the rule. The defendant was charged with fraudulently obtaining the plaintiff's property, and with having placed it on board of a vessel and consigned to his uncle in London, and that the defendant had drawn drafts upon the bill of lading, payable when it should arrive. The plaintiff had a right to ask a jury to pass upon these questions, and, if they found the transaction to be fraudulent, to recover in this action.

I think the court below erred, and the judgment should be reversed, and a new trial ordered, costs to abide the event.

[NEW YORK GENERAL TERM, April 1, 1867. *Leonard, Ingraham* and *Suther land,* Justices.]