JAMES DAVIS, Respondent, *v.* F. W. RANDOLPH *et al.*, Appellants.

March 27, 1877.

1. To enable plaintiff to maintain an action for the recovery of specific personal property, the defendant must be in possession thereof at the commencement of the action.

2. Where the petition alleges that the defendant is in possession, and the proof shows the contrary, there is such a variance between the allegations and the proof as disables plaintiff from recovering.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Amos M. Thayer*, for appellants, cited: Johnson *v.* Garlick, 25 Wis. 705; Mitchell *v.* Roberts, 27 N. H. 486; Brockway *v.* Burnap, 12 Barb. 347; Richardson *v.* Reed *et al.*, 4 Gray, 441; Coffin *v.* Gephart, 18 Iowa, 257; Wag. Stat. 1026, secs. 11–14.

*Levi Davis*, for respondent, cited: Wag. Stat. 1023, sec. 1; Barksdale *v.* Appleberry, 23 Mo. 389; Nichols *v.* Michaels, 23 N. Y. 264; Knapp *v.* Smith, 27 N. Y. 277; Ellis *v.* Lersner, 48 Barb. 539.

BAKEWELL, J., delivered the opinion of the court.

This is an action in the nature of an action of replevin or detinue, brought under the provisions of the Code for the claim and delivery of personal property.

The property claimed in the petition of plaintiff is one

portable steam-engine and one steam-thresher and separator, alleged to have been wrongfully detained by defendants. The property is alleged to be worth $1,000, and $200 are asked for damages for its detention. An order of delivery was issued, to which the sheriff made return that he had taken the separator and thresher from defendants, and delivered them to plaintiff; and that the engine could not be found in his county.

The answer of defendants denies all material allegations of the petition.

The cause was tried by the court, a jury being waived. All issues were found for plaintiff; and the value of the property not found by the sheriff was assessed at $800, and plaintiff's damages for detention at $100. And, thereupon, judgment was entered that plaintiff retain possession of the property already delivered to him by the sheriff; and that he recover of defendants the assessed value of the property returned as not found, together with the damages, making in all $900. Defendants bring the cause here by appeal.

The evidence tended to show that the steam-engine as well as the separator and thresher were placed with defendants, on storage, in January, 1875. In June, 1875, plaintiff demanded possession, which was refused. Before demand and refusal, defendants had parted with possession of the steam-engine, and did not have possession or control of the same, or know where it was, when the suit was instituted.

It is claimed by appellant that the action of replevin can be maintained, under our statute, only against one who has actual possession of the property claimed, and that, so far as the portable engine is concerned, therefore, there cannot be judgment for its value in this form of action. This point was preserved by an instruction to that effect, refused by the court below.

The statutory proceeding for the claim and delivery of personal property in this State resembles the old common-law actions of detinue and replevin in this: that they were

the only proceedings known to the law for the specific recovery of a chattel, and that this is a legal proceeding for the recovery of a specific chattel. Nevertheless, it is not replevin and it is not detinue. In replevin the taking must have been wrongful, but it does not follow that one cannot follow his remedy under our statute where the defendant lawfully acquired possession of the goods; a bailee who wrongfully delivered the goods to another would have still been liable in detinue (Chit. 138), but it by no means follows that a proceeding under our statute can be maintained which has been commenced after the defendant has parted with, and lost all control over, the goods claimed.

It is alleged in the petition in this suit (and it is a necessary allegation) that the defendant was in possession of the goods specifically claimed at the commencement of the action; and judgment is demanded for the recovery of the possession of the goods, and damages for their detention. On trial it turned out to be that defendant was not in possession of the goods at the commencement of the action. There is, then, a fatal variance between the allegations and the proof. The plaintiff is not to make any allegations he pleases, and recover on his proof. In the nature of things there must be a distinction between the remedies applicable to differing cases, and an examination of the statute upon which this action was brought will show that the remedy sought by plaintiff can only be given when the goods were in the possession of defendant at the time the action was brought.

Our statute provides (Wag. Stat. 1023, sec. 1) that the plaintiff in an action for the delivery of specific personal property *may* (which here means must) file affidavit that the property claimed is wrongfully detained *by the defendant*. The court is then to make an order that the sheriff shall take the property *from the defendant*. If the plaintiff fail in his action, the judgment is that plaintiff return the property taken, to the defendant, or pay its value, as defendant shall

elect (sec. 11). How can goods be returned to a person from whom they never have been taken? And how can they be taken from the defendant by the sheriff if not in his possession since the commencement of the action? "The court (sec. 18) may enforce all orders for the delivery of the property." How is this to be done if the property was never taken?

We have looked at the New York decisions on this point, to which we are referred by counsel for respondent, and it is enough to say that the question under the law, which resembles ours without being precisely the same, is still unsettled in that State. Those decisions, not being upon the statute which we are called upon to interpret, are not directly in point, and it is not necessary to review them. The well-considered cases of *Roberts* v. *Randel*, 3 Sandf. 707, and *Brockway* v. *Burnap*, 12 Barb. 347, in which it was held, after careful consideration, that the remedy given by the Code for the " claim and delivery of personal property " cannot be maintained where the defendant has not the possession of the property claimed, have been overruled by later cases in the Supreme Court; and as is said in *Ellis* v. *Lersner*, 48 Barb. 546, " the only source from which a settlement of this question can be obtained," in that State, " is the decision of the Court of Appeals on this point ;" and the question, so far as we are aware, has not been presented for determination in the court of last resort.

In Wisconsin it is held *(Johnson* v. *Garlick*, 25 Wis. 705) that an action to recover possession of personal property will not lie against one not in the actual possession of it.

Such is also the ruling of the Supreme Court in Iowa. *Coffin* v. *Gephart*, 18 Iowa, 257.

And in North Carolina, under a Code similar to that of New York. *Haughton* v. *Newberry*, 69 N. C. 456.

And the same rule is laid down in Massachusetts *(Hall* v. *White*, 106 Mass. 599), and in New Hampshire *(Mitchell* v. *Roberts*, 50 N. H. 486), and in other States.

In our opinion an action cannot be maintained in this State for the specific recovery of personal property, where the defendant had not possession or control of the goods at the time of the commencement of the action.

It follows that the judgment of the Circuit Court must be reversed and the cause remanded ; and it is so ordered. All the judges concur.