# Lightfoot *v.* Jordan.

## *Detinue for Mule.*

1. *Against whom action lies.*—Ordinarily, an action of detinue can only be maintained against the person who has possession of the chattel at the commencement of the suit; and it may, perhaps, be maintained against a person who has transferred the chattel to another, with intent to evade an action by the owner; yet, to a special plea denying the defendant's possession at the commencement of the suit, a replication averring that he was in possession a short time before the commencement of the suit, "and wrongfully parted with the possession after notice and demand by said plaintiff," does not bring the cause within this principle, and is demurrable.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. JAMES E. COBB.

BREWER & BREWER, for appellant.

ABERCROMBIE, GRAHAM & BILBRO, *contra.*

MANNING, J.—Appellant brought an action of detinue against defendant, for a mule: to which *non detinet,* was pleaded, and also, specially, that defendant had not possession of the mule when the suit was brought. To which plaintiff replied, that "defendant was in possession of the property sued for in this suit, a short time before the bringing of the same, and that the said property was claimed and demanded of him by this plaintiff, as her property, and that after said notice and demand he wrongfully parted with the possession before the beginning of the suit." A demurrer to this replication was sustained, and this is assigned as error. The case was submitted as on briefs, but there is none with the record.

The action is brought to recover particular chattels in specie. Its gist is the wrongful detainer, and not the original taking.—1 Chit. Pl. 122–3. It is therefore maintainable, ordinarily, only against a person who has possession of the thing sued for. If this be parted with before judgment, or,

being an animal, die, plaintiff is entitled to recover, as an alternative, the value of the thing, to be assessed by the jury. But the action should be brought against the person who then has possession when the suit is begun.—*Lindsey v. Perry*, 1 Ala. 264.

There might be a case, possibly, in which, if it be alleged and shown that the person sued has transferred the chattel claimed, with intent to evade an·action against him for it, and to keep the property away from the owner, detinue perhaps would lie. But the replication in this record does not make such a case. Consistently with its allegations, defendant might have remained in possession of the mule months after the demand of plaintiff was made, and afterwards have disposed of the animal without any thought of plaintiff's claim of the same.

Whether this was done wrongfully or not, would depend on the facts of the case; and none are disclosed that support the legal conclusion alleged in the replication.

Let the judgment of the Circuit Court be affirmed.