# Mahan *v.* Smitherman.

### *Assumpsit.*

1. *Amendments; only limitation upon right of, stated.*—The only limitations upon the right of a plaintiff in a civil action at law to amend the complaint, at any time before the cause is finally submitted to the jury and they have retired, are, that the form of action must not be changed, there must not be an entire change of parties, and there can not be the substitution or introduction of an entirely new cause of action.

2. *Same; when common counts may be added to special counts in assumpsit.*—The common counts may be added by amendment to a special count in *assumpsit*, when they are not intended to introduce a new cause of action, but merely as declaring on the cause of action declared on in the special count, only varying the form of the defendant's liability, and when a necessity therefor is disclosed.

3. *Same; when common counts can not be added.*—But if the common counts are intended to represent distinct and separate causes of action from that declared on in the special count, their introduction by amendment would be the substitution or introduction of a new, distinct, independent cause of action, and would not be allowable.

4. *Same.*—The refusal of the primary court to allow an amendment of a complaint declaring on a promissory note, by adding the common counts, is free from error, when there is nothing in the record to authorize the presumption that the common counts were not intended to present a different cause of action from that declared on in the original complaint.

5. *Application of payments.*—When a note gives to the payee a statutory or equitable lien on a crop to be grown by the maker for its payment, and a part of the crop is delivered to the payee, in the absence of instructions or agreement to the contrary, it is his duty to apply the proceeds of the sale thereof to the payment of the note. In such case the contract between the parties makes the appropriation, which can not be varied by the payee, without the consent of the maker.

APPEAL from Chilton Circuit Court.

Tried before Hon. JAMES E. COBB.

[Mahan v. Smitherman.]

This was a suit by W. H. Mahan against Joseph Smitherman, and was commenced before a justice of the peace. The statement of the cause of action filed in the justice's court appears to have been treated as a formal complaint in the Circuit Court, to which the cause was carried by an appeal from the judgment rendered before the justice. The cause of action is therein described as a promissory note for fifty dollars, with a waiver of exemption, the statement failing to show when the note was made, or when it became due and payable. A bill of exceptions was reserved on the trial. It recites that "when said cause was called for trial the plaintiff moved the court to amend the complaint by adding the following additional counts." Then follows three counts, of the character stated in the opinion, each claiming $87.67, as due on the 1st November, 1879. The court refused to allow the proposed amendment, and the plaintiff excepted. No other pleadings are set out in the record.

On the trial, the plaintiff introduced in evidence a crop-lien note for advances, containing a waiver of exemption, for $50, dated 15th March, 1879, and payable on 1st of November following, and there rested. Thereupon the defendant was examined as a witness in his own behalf, and testified, in substance, that when the note was made, he did not owe the plaintiff any thing, but that it was made for advances which the plaintiff agreed to let him have from time to time during that year, to the amount of the note; that the advances were made as agreed on, and that after the crop of that year, upon which the note was a lien, was gathered, he delivered to the plaintiff cotton of said crop more than sufficient in value to pay the note, with directions that the proceeds of the sale thereof should be applied to the payment of the note. The plaintiff then testified that the note was made as stated by the defendant; that after the making of the note plaintiff "opened an account with the defendant, and credited him with said note, and charged him with such articles of supplies as the defendant got from time to time under the agreement; that the defendant delivered to him three bales of the cotton of the crop of that year, which cotton he, the plaintiff, sold and gave some of the money to the defendant, and credited his said account with the balance; that the defendant did not give him any direction about the proceeds of said cotton; that the said account commenced after the execution of said note, and, under the agreement to make advances to the defendant, continued on through the year to an amount beyond the amount of said note." The plaintiff then offered to prove the items of this account, but the defendant objected to the offered proof, and the court sustained the objection, and the plaintiff excepted. The bill of exceptions does not purport to set out all the evidence.

[Mahan v. Smitherman.]

The court charged the jury *ex mero motu* as follows: "That if they believed from the evidence that the note sued on was executed by the defendant to the plaintiff for necessary provisions to make a crop for the year mentioned in said note, and said supplies were to be advanced and delivered to the defendant after the execution of said note, and as required by the defendant; and such advances were made by the plaintiff according to agreement, and charged to the defendant as they were advanced, then, when such advances were made, if so made, to the amount of said note, they were the consideration of the note; and if cotton, grown during the year, and upon the place mentioned in said note, and upon which the parties intended that the note should be a lien, was delivered by the defendant to the plaintiff, and sold by the plaintiff, and from the proceeds of said sale an amount equal to the amount of said note was retained by the plaintiff and credited to defendant on said account, then the said note was paid off and discharged." To this charge the plaintiff excepted.

The trial resulted in a verdict and judgment for the defendant, from which the plaintiff appealed. The rulings of the court above noted are here assigned as error.

WILSON, JOHNSTON & WILSON, for appellant.

Name of counsel for appellee not disclosed by the record.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The statute of amendments is very broad; it is remedial, and the courts have construed it liberally. It is intended to advance the trial and decision of causes upon the real, substantial merits, and to expedite the administration of justice. The only limitation upon the right of a plaintiff in a civil action at law to amend the complaint at any time before the cause is finally submitted to the jury, and they have retired, is, that the form of the action must not be changed; there must not be an entire change of parties, nor can there be the substitution or the introduction of an entirely new cause of action.—*Harris v. Hillman*, 26 Ala. 380; *Leaird v. Moore*, 27 Ala. 326; *Crimm v. Crawford*, 29 Ala. 623; *Pickens v. Oliver*, 32 Ala. 626; *Johnson v. Martin*, 54 Ala. 271; *Stringer v. Waters*, 63 Ala. 361. Subject to this limitation, the right of amendment is unqualified; the effect of a non-joinder or a misjoinder of parties may be cured, the same cause of action may be narrowed or enlarged in varying forms to meet the varying aspects in which the pleader may anticipate its disclosure

[Mahan v. Smitherman.]

by the evidence, or in which, upon the trial, the evidence may actually disclose it.

In the present case, the original complaint contained a single count founded on a promissory note, having a waiver of exemptions, made by the defendant for the payment to the plaintiff of the sum of fifty dollars, at a specified time. The amendment proposed was the introduction of three common counts—the first, on an account simply in the form prescribed by the Code—the second, for an account stated—the third, for goods, wares and merchandise sold and delivered. Though these counts may represent causes of action entirely different from that represented by the note; though each may depend on separate transactions, contracts, or agreements, and may each assert a distinct, independent liability resting upon the defendant, they could originally have been joined with the count upon the note, if thereby the sum in controversy would not have exceeded the jurisdiction of the justice of the peace, before whom the action was commenced. The Code authorizes the joinder of all causes of action upon contracts, express or implied, for the payment of money, whether under seal or not.—Code of 1876, § 2986. Where at common law a plaintiff had two or more causes of action against the defendant of the same nature, which could be properly joined, if he resorted to more than one action, on application, the court would compel a consolidation.—1 Chitty on Plead. 198; *Powell v. Gray*, 1 Ala. 77. The Code affirms the same rule.—Code of 1876, § 3024. The joinder of the common counts with a special count in *assumpsit*, was at common law, and is under our system, which preserves much of the common law, the better and more appropriate form of pleading, though the purpose is not declaring upon separate and different causes of action, but upon the same cause of action in a different form, to meet any phase in which the evidence discloses the case. Though it is a general rule, that if there is an express contract, there can be no recovery upon a common count founded upon the idea of an implied contract, yet, the special or express contract may have been fully performed, there may remain on the defendant the simple duty to pay money, and, in that case, there may be a recovery upon a common count. The express contract may prove offensive to the statute of frauds, yet, the defendant, having realized all the benefits of the agreement, may be liable on a common count. A bill or note may be misdescribed in the special count, and it may, nevertheless, be given in evidence upon an appropriate common count; or it may be invalid, though founded on an adequate, legal consideration, which, as between the original parties, is recoverable under a common count.—1 Chit. on Pl. 339; *Kirkpatrick v. Bethany*, 1 Ala. 201. The common counts, in

[Mahan v. Smitherman.]

such case, would not represent different causes of action grow-
ing out of separate transactions or contracts. The several counts
would be but variations in the form of the liability of the de-
fendant, arising from the same transaction or contract. Each
count, in contemplation of law, is the expression and declara-
tion of the same legal cause of action. A principal object of
all statutes of amendments, and of the joinder of varying counts
in the declaration or complaint is the conformity of the plead-
ings to the evidence, obviating objections for variance. When
the common counts are not intended to introduce a new cause
of action—when they are intended only to declare upon the same
cause of action which is declared upon in a special count, vary-
ing only the form of the liability of the defendant, their intro-
duction by amendment, whenever a necessity for them is dis-
closed, is allowable. There is not the introduction or substitu-
tion of a new cause of action—there is simply the expression in
various forms of the liability of the defendant for a single cause
of action.—*Smith v. Palmer*, 6 Cush. 513; *Cubarga v. Seeger*,
17 Penn. St. 514. But if the common counts are intended to
represent distinct and separate causes of action from that which
is declared upon in a special count, though originally they could
have been joined with the special count, the introduction of
them by amendment would not cure a deficiency in the original
complaint, but would be the substitution of a new, distinct,
independent cause of action, and would not be allowable. The
purpose of the statute of amendments is curing insufficiency
or defects in pleading; it is not intended that, under the guise
of amendment, there shall be a change or shifting of the cause
of action ; that must remain as it is presented by the plaintiff
in the original complaint. There is nothing in the present rec-
ord to authorize the presumption that the common counts were
not intended to present another cause of action than that which
was presented by the original complaint, counting only upon the
note. The Circuit Court, therefore, properly refused to allow
their introduction.

The charge of the court is unquestionably correct. The note
gave to the plaintiff a statutory, or an equitable lien for its pay-
ment upon the cotton grown by the maker. When the cotton
was delivered to the plaintiff, in the absence of instructions or
agreement to the contrary, it was his duty to apply the proceeds
of the sale to the payment of the note. The contract into which
he had entered made the appropriation, and he could not vary
it without the consent of the maker, though to himself another
appropriation would have been more beneficial.

Affirmed.