No. 236.

## HELMAN ET AL. *v.* WITHERS.

REPLEVIN.—*Transfer of Possession.*—A person in the possession of goods without right can not avoid an action of replevin by wrongfully transferring the possession to another, even though the transfer be made before the commencement of the suit.

From the Elkhart Circuit Court.

*O. T. Chamberlain* and *P. L. Turner*, for appellants.
*H. C. Dodge* and *J. S. Dodge*, for appellee.

NEW, J.—This was an action in replevin, instituted and tried in a justice's court, and from there appealed to and tried in the circuit court.

The appellee, in his complaint, avers that he is the owner and entitled to the possession of one bald-face mare, of the value of sixty-five dollars; that the appellants, Tobias K. Helman and Samuel R. Helman, the defendants below, have the possession without right, and unlawfully detain the same from the appellee; and that the said property has not been taken by virtue of any execution, tax assessment, attachment, or other writ of any kind against the appellee. Wherefore judgment is asked for the recovery of said horse, and twenty-five dollars damages for the detention thereof.

In the circuit court, upon the issues joined, there was a trial by jury, and special verdict returned as follows:

" We find that on and prior to the 29th day of July, 1889, the plaintiff was the owner and in the possession of the mare described in the complaint; that on said day one Arthur Withers took said mare and traded and delivered her to the defendants, Tobias K. Helman and Samuel R. Helman; that said Arthur Withers, in making said trade, was not the lawful agent of the plaintiff; that said trade was not made with the knowledge or consent of the plaintiff; that when the plaintiff was informed of said trade he did not ratify the same; that, on the 2d day of August, 1889, and before this action

was brought, plaintiff caused a demand for the return to him of said mare to be made on the defendants, Tobias K. and Samuel R. Helman, which was refused; that before this action was brought the said defendants had sold and delivered said mare to one David Wise; that said sale was made before said demand was made; that said delivery to Wise was made for the purpose of evading the writ of replevin in this cause, and said delivery was made about one-fourth hour before this action was commenced; that the officer to whom the writ was issued did not succeed in finding said mare, and that the value of said mare is fifty dollars. If, upon the foregoing facts, the law be with the plaintiff, as against either or both defendants, then we find for the plaintiff, and assess his damages at fifty dollars. If the law be with either or both defendants, then we find for him or them."

A motion by the appellants for judgment in their favor upon the facts found by the special verdict was overruled. Judgment was then rendered in favor of the appellee upon his motion for the value of the mare as found by the jury, and for costs.

The appellants have assigned as error the overruling of their motion for judgment upon the special verdict, and the sustaining of the appellee's motion for judgment.

The question presented for our decision is, can the judgment of the circuit court be sustained upon the facts found by the jury?

It is made to appear by the facts found that on and prior to the 29th of July, 1889, the appellee was the owner and in possession of the mare in dispute, and that on that day Arthur Williams, without right, traded and delivered her to the appellants, who, upon the 2d day of August, 1889, before this suit was commenced, refused, upon the demand of the appellee, to return to him said mare; that before the commencement of this suit, and before the making of said demand, the appellants sold and delivered said mare to one David Wise for the purpose of evading the writ of replevin

issued in this cause; that the value of the mare is fifty dollars.

Counsel for the appellants contend that, inasmuch as the appellants were not in the possession of the mare at the time the action was commenced, the judgment of the court below was erroneous.

The two actions, detinue and replevin, were formerly in use in this State. These two actions, detinue, for an unlawful detention, and replevin, for an unlawful taking and detention, covered the whole ground of deprivation of personal property, so far as the recovery of the specific articles was concerned, and we think an examination of the earlier statutes, and the definition of detinue and replevin as given at common law, will clearly show that the statutes now in force for the recovery of personal property cover the entire ground of both of those actions. Statutes of 1824, p. 337; R. S. 1831, pp. 305, 424; R. S. 1838, pp. 372, 475, 476, 477; R. S. 1843, pp. 697, 732, 896; 1 Chitty Pleading, 120, 162.

In the case at bar, it is an unlawful detention that is complained of. In detinue the gist of the action was the unlawful detainer, and, therefore, it was that the action would lie against a person having the wrongful possession of the chattel, although he may have acquired the possession in the first instance lawfully.

Replevin was originally the remedy when goods were unjustly taken and detained. Now, under the code, and in the justice's act, replevin embraces both a wrongful taking and an unlawful detention. .

Detinue, at common law, would lie against him who once had, but afterwards improperly parted with, the possession of a chattel. 1 Chitty Pleading, 123; *Jones* v. *Dowle,* 9 M. & W. 19; *Ellis* v. *Lersner,* 48 Barb. 539; *Nichols* v. *Michael,* 23 N. Y. 264 (268); *Dunham* v. *Troy, etc., R. R. Co.,* 40 N. Y. 543; *Harris* v. *Hillman,* 26 Ala. 380; *Lightfoot* v. *Jordan,* 63 Ala. 224; *Harkey* v. *Tillman,* 40 Ark. 551 (555).

It is our opinion, also, now that the replevin, under our statutes, embraces detinue, as it was at common law, that a party in the possession of goods, without right, can not avoid the action of replevin by wrongfully transferring the possession to another, even though the transfer be made before the commencement of the suit. He can not protect himself by showing that he has wrongfully transferred the property to another.

In this view we are well supported by authority. *Nichols* v. *Michael, supra; Latimer* v. *Wheeler,* 3 Abb. App. 35; *Bullis* v. *Montgomery,* 50 N. Y. 352; *Manning* v. *Keenan,* 73 N. Y. 45; *Drake* v. *Wakefield,* 11 How. Pr. 106; *Ross* v. *Cassidy,* 27 How. Pr. 416; *Bockway* v. *Burnap,* 16 Barb. 309; *Ward* v. *Woodburn,* 27 Barb. 346; *Ellis* v. *Lersner, supra; Barnett* v. *Selling,* 9 Hun, 236; *Sayward* v. *Warren,* 27 Me. 453 (457); *Freeman* v. *Scurlock,* 27 Ala. 407; *Washington* v. *Love,* 34 Ark. 93; *Harris* v. *Hillman, supra; Lightfoot* v. *Jordan, supra; Schmidt* v. *Bender,* 39 Kan. 437; *Gildas* v. *Crosby,* 61 Mich. 413; *Briggs* v. *McEwen,* 77 Iowa, 303; *Gassner* v. *Marquardt,* 76 Wis. 579; Wells Replevin, section 145; Cobbey Replevin, section 435. The case of *Latimer* v. *Wheeler, supra,* is quoted from with approval in *Louthain* v. *Fitzer,* 78 Ind. 449. See, also, *Wilson* v. *Rybolt,* 17 Ind. 391; *Hoke* v. *Applegate,* 92 Ind. 570.

The delivery of the mare by the appellants to Wise must, from the facts found, be regarded as wrongful to the appellee—a mere subterfuge to withhold the mare from the latter, and to escape liability. The appellants had no title to the property, and could not rightfully deliver it to any other than its owner. They were trying to place the dominion of the property elsewhere than in the owner. If it be said that there was a detention of the property on the part of Wise, it must be said also that the appellants were contributors and participants in that detention. It has been decided that the selling of the property to another, without right, is, in effect,

a detention of the property from the true owner? See *Say-ward* v. *Warren, supra,* and *Latimer* v. *Wheeler, supra.*

The judgment is affirmed with costs.

Filed Feb. 4, 1892.